## LEROY *vs.* BAYARD.

*In the matter of the Estate of* WILLIAM BAYARD, *deceased.*

THE lapse of twenty-nine years since the administration of the estate commenced is sufficient to excuse a formal inventory and account.

A decree against executors or administrators in the Supreme Court, cannot be questioned before the Surrogate in a proceeding relating to the personal estate. If the statute of limitations was a good bar to the claim in that court, it should have been interposed there. A judgment establishes a valid debt, entitled to be paid in due course of administration, if there are assets wherewith to pay it.

Although a great lapse of time excuses from a formal inventory and account, yet if the creditor alleges assets recently realized or still existing uncollected, or real estate not disposed of, the executor should submit to a personal examination.

> JOSEPH BLUNT,
> CHARLES TRACY, *for Petitioners.*
> WM. CURTIS NOYES, *for Executors.*

THE SURROGATE.—The executor of Herman Le Roy deceased, in a suit in the Supreme Court, obtained a decree directing the executors of William Bayard deceased, to pay to the former the sum of $46,842, out of the estate of William Bayard. This decree was entered on the first day of April, 1854, and an application is now made to compel an inventory, account and payment. The application is resisted by the executors of Bayard, on the ground of lapse of time, that no assets were ever received, and that the papers relating to the estate have been accidentally destroyed by fire. Of course if no assets ever existed, there was nothing to inventory, or to account for. The testator died in 1826, so that twenty-nine years have elapsed since the administration of the estate commenced. I consider that a sufficient length of time under the circumstances to excuse a formal inventory and account. As to the debt claimed by virtue of the decree of the Supreme Court, that cannot be questioned before me, in a proceeding relating to the personal estate. If the statute of limitations was a good bar, it should have been set up before that tribunal; whether or not it was pleaded I do not know, but it is enough to say the decree establishes a present existing indebtedness. The creditor then has a valid debt entitled to be paid in due course of administration, if there are assets wherewith to pay it. The executor is excused by lapse of time from filing a formal inventory and account, relating to transactions so remote. But it is alleged by the creditor that there are effects of the deceased and real estate properly applicable to the payment of this claim, and that moneys

have been received within a comparatively recent period, as to which the executor is not excused from accounting. It often happens with old estates, that claims once esteemed worthless, turn out in progress of time to be valuable, and are ultimately realized. If such should have happened to be the case in the present instance, there seems to be no objection why the executor should not account for such assets. I understand the executors to deny any assets, at any time. If, however, the creditor seeks to examine into that point more closely, I see no good reason why the executors should not submit to a personal examination touching their administration of the estate and the existence of assets personal or real.