WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURRO-
GATE.—February, 1882.

## MATTER OF CLARK.

*In the matter of the estate of* MARY CLARK, *deceased.*

The testatrix, who died in 1864, by her will, after disposing of her personal
   estate, devised her real estate to her executors, in trust to sell the same,
   pay one-half the proceeds in manner directed, and hold the other half
   for the benefit of A.. and B., two grandchildren, and to make advances
   therefrom as necessary and expedient, for their education and mainte-
   nance. D., the qualifying executor, sold the real estate, paid one-half
   the proceeds, retained the other half, and died intestate in 1878, never
   having filed an inventory or rendered an account, or paid any sum to
   A. or B. On an application by A., under Code Civ. Pro., § 2818, for
   the appointment of a successor to D., as a testamentary trustee,

*Held*, that D. was not a testamentary trustee within the meaning of Code
   Civ. Pro., § 2514, subd. 6,—the trust not being "separable from his
   functions as executor;" that the trust fund, derived from the conver-
   sion of the real estate, constituted legal assets, for which D. was ac-
   countable only as executor; and that the Surrogate's court had no
   authority to appoint a *trustee* as his successor, but that an administra-
   tor with the will annexed would succeed to all his powers and duties,
   and might be appointed upon a proper petition.

Subdivision 6 of section 2514 of the Code of Civil Procedure,—construed.

Bain *v.* Matteson. 54 *N.*, *Y.*, 663, and Dunning *v.* Ocean Nat. Bank, 61 *Id.*,
   497, limiting the powers of an administrator with the will annexed,—
   explained.

MARY CLARK, the testatrix, died in 1864, and her will
was proved the same year. After disposing of her per-
sonal estate, she proceeded to dispose of her real estate,
consisting of a house and lot in New Rochelle, as fol-
lows : " I give and devise my house and all my lands and
real estate, situate in the town of New Rochelle afore-
said, unto my executors hereinafter named, upon the fol-
lowing trusts, that is to say ; they, my said executors,
shall, as soon as may be, after my decease, sell and dis-

pose of my said house and real estate, either at public or private sale, as they may deem best, and convert the same into money, and out of the proceeds arising from such sale or sales, they shall pay off and discharge a mortgage upon said lands, now held by my said daughter Martha J. A. Seacord, for the sum of six hundred dollars, together with the interest then due thereon, and shall also pay all my just debts and funeral expenses. They shall then pay unto my said daughter one-half of the balance of money remaining in their hands as the proceeds of such sale or sales as aforesaid, for her share or interest in my said real estate; the other half of such balance of money, part of the proceeds of such sale or sales, they, my said executors, shall hold in trust, for the benefit and behoof of my grandchildren, Charles H. and George Clark, children of my son Moses S. Clark, and shall, from time to time make such advances, from such money, as may be necessary or expedient for the education and maintenance of my said grandchildren."

John A. Deveau, named as one of the executors, was the only one who qualified and took upon himself the burden of the execution of the will. Within a year after the death of the testatrix, he sold the real estate for about $2,500, and, after paying the debts, funeral expenses and the mortgage to Mrs. Seacord, there remained in his hands, of the purchase money, about $1,600, one-half of which he paid to Mrs. Seacord, as directed by the will, and retained the other half. Deveau died intestate in 1876, having never filed an inventory, nor rendered an account, as such executor.

George Clark, one of the grandchildren named in the will, now presented a petition, alleging the above facts,

and also showing that he and his brother Charles were minors, at the time of the death of the testatrix, and that they had recently become of age; that the executor never advanced or paid to petitioner or his brother any interest upon, or any part of the principal of said fund, which fund amounted to $800. And he prayed that some suitable person might be appointed trustee of the fund, in place of said Deveau.

JOHN W. BOOTHBY, *for petitioner*.

THE SURROGATE.—This court is asked, on the facts alleged, to appoint a trustee, by virtue of the power conferred by section 2818 of the Code. A "testamentary trustee" is defined by section 2514, subdivision 6, of that instrument, to be "every person except an executor, an administrator with the will annexed, or a guardian, who is designated by a will, or by any competent authority, to execute a trust created by a will; and it includes such an executor or administrator, where he is acting in the execution of a trust created by the will, which is separable from his functions as executor or administrator." Did Mr. Deveau become, within this definition, a testamentary trustee? The subdivision, it would seem, simply enacted, in substance, what had long since been declared to be the law, by the courts, and hence, it is immaterial to inquire whether the provisions of the Code, in this respect, are applicable to the will in this case.

The question as to when and how the duties of trustee are "separable" from those of executor is not so easy of solution, as that of when and how they are not separable. Instances of the latter may be found in Valentine *v.* Valentine (2 *Barb. Ch.*, 430); Stagg *v.* Jackson

(2 *Id.*, 86 ; S. C., 1 *N. Y.*, 206); Clark *v.* Clark (8 *Paige*, 152); and Hood *v.* Hood (85 *N. Y.*, 561). In this last case, the testator, after providing for the payment of some general legacies, devised and bequeathed the residue of his estate, real and personal, to his executors, in trust, to sell the real estate, and collect and realize the personal estate, to divide the proceeds into shares, and invest for the benefit of his widow and children. One of the executors, being a resident of the State of New Jersey, gave a bond with sureties for the faithful discharge of his duties, as required by law. In an action on the bond, to recover moneys alleged to have been wasted by the executor, the sureties sought to escape liability on the ground that the *devastavit* was committed by him when acting as trustee, while they were sureties for him as executor, only. The court of appeals, following Stagg *v.* Jackson and other cases, held that, under the will, the whole estate, under the doctrine of equitable conversion, was legal assets, and hence the liability of the sureties continued throughout, as he was accountable only as executor. In all such cases, although a trust, or power in trust, is created, the trustee, or donee of the power, acts, and is liable for the fund, only in his capacity as executor.

I am not aware of any case illustrating the " separable" character of the duties of executor and trustee. In Stagg *v.* Jackson, an allusion to such a separation was made. There, the executors were clothed with power to sell the real estate, and to convert the whole into a money fund, and, in the meantime, to collect and receive the rents, and apply them. It was held that the trust to receive the rents, and apply them, was a mere incident to the power to sell and convert, and that, there-

fore, there was no necessity for two accountings, one in equity for the rents, and the other before the Surrogate for the other portions of the estate. We can, from the hint thus furnished, suppose a case where the two offices are separable. For instance, a testator, possessed of a large personal estate and seized of several parcels of real estate, might direct the conversion of all, save one parcel of the realty, into personalty, so that it should become legal assets; and, as to that parcel, create a trust in the executor to receive the rents and profits, and apply them, under subdivision 3 of section 55 of the article on Uses and Trusts. In such a case, as the law formerly stood, he could have rendered his account, as to the legal assets, to the Surrogate, and as to the rents, issues and profits, to the Chancellor only. Hence, in such a case, the offices are separable. Other instances might be supposed, but that will suffice as an illustration.

But if a trustee cannot be appointed in this case, can an administrator with the will annexed be substituted in place of the deceased executor?

It seems to me a very nice distinction to hold, as the higher courts do, that the office of trustee is a matter of *fidei commissa*, a personal trust, while that of executor is not; that, in the case of a testamentary trustee, an administrator with the will annexed cannot execute the will, while in that of an executor he can. It is difficult to perceive how the duties of the one pertain solely to the *person*, and of the other to the *office*. Both act in a fiduciary capacity. It is true, that the former is generally clothed with power to dispose of or manage real estate, and the latter deals with personalty; yet, as has been seen, where the will directs a sale of the realty, it

becomes legal assets, and loses its higher character of land. If, therefore, as was held in the cases of Bain *v.* Matteson (54 *N. Y.*, 663), and Dunning *v.* Ocean National Bank (61 *N. Y.*, 497), an administrator with the will annexed cannot execute the trusts contained in the will, the doctrine, I think, should be confined and applied only to cases like those, where the trustee never entered upon his duties, and not to those where he has, in fact, converted it into money. After such actual conversion, an executor, equally with a trustee, could apply it to the payment of legacies ; and hence, I can perceive no good reason why an administrator *cum testamento annexo* could not, under the statute, have the same power ; *and especially where the trust duty is annexed to the office of executor, and is not separable therefrom.* This is such a case. The will, after giving certain legacies, directs a sale of the real estate, for the purposes stated, and thus operates an equitable conversion of it into money, and the trust duty was annexed to that of executor ; and Mr. Deveau must be regarded as having been such only.

On a proper petition being presented, an administrator with the will annexed may be appointed. This application must, accordingly, be dismissed.

Ordered accordingly.