---

## In re DUNHAM'S ESTATE.

### (*Surrogate's Court, Westchester County.* January, 1889.)

LIMITATION OF ACTIONS—ACTION FOR LEGACY.

Code Civil Proc. N. Y. § 1819, provides that "if, after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses, upon demand, to pay a legacy or distributive share, the person entitled thereto may maintain such an action against him as the case requires. But, for the purpose of computing the time within which such an action must be commenced, the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled, and not before." *Held*, that this section does not apply to a proceeding in surrogate's court, on the petition of a residuary legatee, to compel an executor to account.

Petition by Annie P. Dunham to compel David H. Dunham, surviving executor of the will of John B. Dunham, to render an account. The will was probated in March, 1873. Petitioner became of age, June 20, 1883. By a judgment of the supreme court she was declared to be entitled to one-fifth of the residuary estate. No accounting has ever been had by either of the executors. This petition was filed October 20, 1888. The executor interposes the statute of limitations.

*De Witt, Lockman & De Witt,* for petitioner. *Joseph S. Wood,* for executor.

COFFIN, S.  It is alleged in the petition in this matter that, in 1873, a judgment, construing the will of the testator, was rendered by the supreme court, in and by which it was adjudged, among other things, that the petitioner, who was then a minor, was entitled to one-fifth part of the residuum of the real and personal estate of the deceased.  It does not appear what sum is claimed by the petitioner, but that portion in which she alleges an interest is understood to be very considerable in amount.  The testator bequeathed the use of $10,000 to Elizabeth Maria Phillips, a grandchild, and at her death to her surviving issue, if any; and, if none, then one-fifth was given to the petitioner.  It does not appear whether she is living, or what has resulted from that provision, but it seems to be assumed that the petitioner is interested in no trust created by the will.  If, however, her right to share in that fund be still in abeyance, she can maintain no proceeding for its recovery now, while, at the same time, the subsistence of that trust would not have prevented her from taking steps for the recovery of any other legacy given directly to her, and which became due at the end of a year from the death of the testator. The only question discussed is in regard to the statute of limitations, and its effect upon the petitioner's claim.

There is no doubt that the existing statutes upon that subject are applicable to this case, and the argument has proceeded upon that basis.  The provisions of section 382 of the Code are made applicable to special proceedings by section 414; and, as this proceeding was not commenced within one year after the petitioner became of age, as provided by section 396, the six-years limitation having run during her minority, the claim must be held to be barred by statute, unless relief from such a result may be found under the provisions of section 1819, which is as follows: "If, after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses, upon demand, to pay a legacy or distributive share, the person entitled thereto may maintain such an action against him as the case requires.  But, for the purpose of computing the time within which such an action must be commenced, the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled, and not before."  It is insisted by counsel, and it has been so held by some of the courts, that the above section is applicable to surrogates' courts.  This would seem to be an error.  Title 3 of chapter 15 of the Code is declared to refer to "Actions Relating to the Estate of a Decedent;" and the first article of that title, in which section 1819 occurs, is stated to be in regard to an "Action by or against an Executor or Administrator."  It will be observed that nothing is said about special proceedings, nor does it seem, by any provision, to have been made applicable to them.  The whole title relates only to actions, and the section itself provides for "maintaining such an action" under certain conditions.  If it could properly be held to apply to surrogates' courts, then no provision of the chapter of limitations, or other provision of limitation, could be interposed by an executor or administrator, on a first judicial settlement of his accounts, to the claim of a legatee or distributee, notwithstanding the fact that 10 or any number of years might have elapsed since the legacy or distributive share became due.  If he could not interpose such a defense, or if he did and it were overruled, and the account was judicially settled, then we should have the anomaly of an action maintainable against him although 10, or even 15, years might have intervened since the claim became actually due; for the section declares it to become due, for the purpose of said action, only on the judicial settlement of the accounts.  The reasoning of Justices VAN BRUNT and DANIELS in *Re Van Dyke,* 44 Hun, 394, is fully concurred in, and leaves little more to be said.  In that case they had their attention called to all of the cases bearing upon the subject, (see, 5 Dem. Sur. 331,) among which was that one to which allusion is presently made. The object of the section seems to have been twofold:  (1) A liquidation of

the amount due; (2) to exempt from the running of the statute the time, often extending to years, during which a litigation of the account should extend.

The petitioner's counsel cite the case of *Drake* v. *Wilkie*, 30 Hun, 537, as an authority to show that the statute cannot be successfully interposed in this proceeding. In that case the legacy became due in 1873. The legatee lived in the state of Missouri, and did not know the true amount of her legacy until February, 1881; and no demand was made for its payment until a few weeks before June 28, 1881, when the proceeding was commenced before the surrogate with a view to its recovery, and who held that it was not barred by the statute. The learned presiding justice, who delivered the opinion of the court in that case, held that the facts brought the case within the provision of section 410 of the Code, which excludes the application of the statute of limitations until six years had elapsed after demand made, because of a lack of actual knowledge of the facts upon which her right depended. In the course of the opinion a kindly criticism is made of the point decided in the case of *House* v. *Agate*, 3 Redf. Sur. 307, to the effect that no demand was a necessary preliminary to a proceeding before a surrogate to enforce payment of a legacy. The opinion of the able jurist proceeded upon the theory that section 414 applied and had reference to section 410, while, in fact, the latter has no application to a case where a demand is not necessary. It is believed that no provision of law can be found which makes it necessary for a legatee or distributee to make a demand of the executor or administrator for his legacy or distributive share, as a necessary condition of his right to call him to an accounting before a surrogate. Undoubtedly section 9 (2 Rev. St. 114) and section 1819, which is substituted for it, render a demand necessary as a condition, without which an action cannot be maintained. Neither of them had or has anything to do with a proceeding of this character. They are entirely separate and distinct. If section 410 had no application to the case, then clearly the court was in error in affirming the decree of the surrogate. Even if the 10-years limitation, prescribed by section 388, could be invoked, and it is not believed it could, the claim of the petitioner would still be barred.

It is difficult to understand the *raison d'être* of section 1819. When section 9 (2 Rev. St. 114) was enacted there was a cause for it which we can understand. Then there was no provision for docketing a decree of the surrogate for the payment of money. He could only proceed to enforce obedience to it by attachment proceedings. It was no lien upon real estate, while the section, authorizing an action to be commenced, gave a wider range of remedy. At present, such a decree may be docketed and become a judgment of the supreme court, with like force and effect as if rendered by that court, (Code Civ. Proc. § 2553;) and by the next section the surrogate himself may issue an execution, the scope of which shall be the same as if it were an execution issued out of the supreme court. It is not easy, therefore, to discover any additional advantage a party interested in the estate could gain by bringing an action which should result in obtaining a judgment therein in the supreme court. However much it may be a subject of regret that this legatee or distributee, as the case may be, is precluded by law from the recovery of perhaps a large sum otherwise justly belonging to her, it must be borne in mind that it springs from her own delay in availing herself of the opportunities once afforded her. The application must therefore be denied.