### In re NICHOLLS.

(Surrogate's Court, Niagara County. November, 1889.)

1. LIMITATION OF ACTIONS—SPECIAL PROCEEDINGS—SURROGATES' COURTS.

Under Code Civil Proc. N. Y. § 414, providing that the word "action" contained in chapter 4, which prescribes the limitations of actions, shall, when necessary, include a special proceeding, a proceeding for accounting by an administratrix in the surrogate's court is limited just as absolutely as remedies in other courts.

2. SAME—ACCOUNTING BY ADMINISTRATOR.

The duty of an administratrix to account is an "obligation or liability," within Code Civil Proc. N. Y. § 382, subd. 1, limiting actions on contract obligations or liabilities, express or implied, to six years after the cause of action accrued.

**3. SAME—ACTION BY SURETIES IN BOND.**

    The duty of an administratrix to account being independent of her obligation in her bond so to do, proceedings by the bondsman to compel an accounting, not based on the bond, do not come within Code Civil Proc. N. Y. § 381, providing that an action on a sealed instrument may be commenced within 20 years.

**4. SAME—TRUSTEES.**

    An administratrix is not a trustee in such a sense that proceedings against her for an accounting are not barred by limitation.

On petition for accounting.

Mark A. Nicholls, as executor of Dorothy Lull's bondsman, filed a petition to compel her as administratrix to account, and to her answer thereto he demurred. Code Civil Proc. N. Y. § 2726, provides that a surety in the official bond of an administratrix may apply for a settlement of her accounts. Section 382, subd. 1, requires that an action upon a contract obligation or liability, express or implied, except a judgment or sealed instrument, must be commenced within six years after the cause of action has accrued. Section 381 provides that an action upon a sealed instrument must be commenced within 20 years. Section 1819 provides that if, after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses, upon demand, to pay a legacy or distributive share, the person entitled thereto may maintain such an action against him as the case requires. But, for the purposes of computing the time within which such an action must be commenced, the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled, and not before.

*L. F. & G. W. Bowen,* for petitioner.    *J. E. & C. W. Pound,* for administratrix.

POTTER, J.[1]    This is a special proceeding instituted by the petitioner, Mark A. Nicholls, to compel the administratrix to render her final account. Mrs. Lull was appointed administratrix of her husband's estate, April 19, 1869. Silas H. Marks became one of her sureties on the bond given by her as administratrix at that time. Marks has since died, and the petitioner is executor of his will, and instituted this proceeding under section 2726, Code. No account has ever been rendered by the administratrix. A petition having been filed and a citation issued February 11, 1889, the administratrix interposed an answer on the return-day, setting up the statutory limitation of six years, and also the ten-years statute, which she urges as a bar to the petitioner's right to maintain this proceeding, and to this answer the petitioner demurred. This presents the question whether the Code has put a limitation upon a proceeding of this kind in surrogate's court. Chapter 4 of the Code provides, in terms, for the limitation of actions, but the last clause of section 414 requires the word "action" "to be construed, when it is necessary so to do, as including a special proceeding." The same section also declares that chapter to contain the only limitation existing for such proceedings. This provision, from its language and context, seems intended to limit the remedy in surrogates' courts just as absolutely as the various remedies in other courts are limited, and the chapter must therefore be read as if the words "special proceeding" were substituted wherever the word "action" occurs.

The duty of an administrator to account is an "obligation or liability, expressed or implied," within the first subdivision of section 382. Doubtless the word "obligation" has long been used in a restricted legal sense, being applied generally to some instrument providing for the payment of money, in the nature of a bond, recognizance, etc. But the context indicates that it is used here in a broader sense. The word "contract," which precedes it in the context, would cover every case of "obligation" within this limited

---

[1] County Judge POTTER, acting as surrogate.

sense, and it seems plain that the words "obligation or liability" were intended to enlarge the scope of the provision beyond what the word "contract" would give to it.   The definitions given by Bouvier and Webster are quite broad enough to cover the duty of an administrator to account.   In the provision relating to arrest under the old Code, (section 179,) the word "obligation" was used, and it was there held to be used in its broad sense, including legal duties.   Crandall v. Bryan, 15 How. Pr. 55.   The word "liability" does not seem to be used in quite as broad a sense as the word "obligation," in general use, and yet the two words are often used synonymously.   The following authorities tend to support the construction here given, though they did not arise under the Code as it now is.   In re Van Epps, 64 How. Pr. 464; Cole v. Terpenning, 25 Hun, 482; Leroy v. Bayard, 3 Bradf. Sur. 229; Warren v. Paff, 4 Bradf. Sur. 260; Loder v. Hatfield, 71 N. Y. 92.   But if this section does not cover this proceeding, certainly section 388, which provides a 10-year limitation in all cases not specially provided for, is broad enough, and for the purposes here it does not matter which section is invoked.

The petitioner urges that the 20-year limitation (section 381) is the one which covers this proceeding, if any one does, which he denies.   If this proceeding was based upon the bond upon which Marks was surety, assuming it to be in the usual form, this claim would be plausible, at least.   That bond doubtless provided that the administratrix should obey the decree of the surrogate, and he is authorized to require her to account.   But this duty of accounting does not rest on that obligation.   It exists independently of any such contract liability.

It is also claimed by the petitioner that the administratrix is a trustee, and so the statute does not run.   But the courts have repeatedly held that administrators and executors are not in such sense trustees as to bring them within that rule.   Cotter v. Quinlan, 2 Dem. Sur. 29.   See, also, Clock v. Chadeagne, 10 Hun, 97; Clark v. Ford, 1 Abb. Dec. 359,—in which cases it was held that the six-years statute protected an administrator or executor, as against next of kin or legatees, which could not be if the technical rule as to trustees applied to them.

Section 1819 of the Code does not seem to interfere with this limitation of such proceeding.   Doubtless an action at law, after demand, could be maintained by a next of kin for his distributive share of this estate.   But the bond required in such case does not bind the sureties to respond to a judgment of a court at law or equity, and so the liability of the sureties is not extended in duration by that provision.   The demurrer must be overruled, and an order will be entered accordingly.