---

## *In re* POST'S ESTATE.

*(Surrogate's Court, New York County.* March 26, 1890.)

1. WILLS—CONSTRUCTION—VESTED INTEREST.
   A direction to executors to pay the income of a trust fund to testatrix's husband for life, and on his death to pay the principal of the fund to designated persons, gives such persons a vested interest, which is not defeasible by their death during the husband's life-time.

2. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—LIMITATION.
   The six-year statute of limitations forms no defense to an action for an accounting of the administration of testatrix's estate by the life beneficiary, to whom letters *c. t. a.* were issued and the estate surrendered five years before the proceedings were instituted, though eleven years have elapsed since the issuance of the letters to the executors.

3. SAME—SPECIAL TRUST—ADMINISTRATOR DE BONIS NON.
   A direction to executors to invest a specified sum "upon bond and mortgage of real estate, or such stocks as they may regard safe and permanent," evinces no intention by testatrix to repose any such special or personal confidence in the executors as will disable an administrator *c. t. a.* from fully administering the trust.

4. WILLS—CONSTRUCTION—ESTATES IN TRUST.
   Neither does the direction make the executors trustees of an express trust, within the meaning of Laws N. Y. 1882, c. 185, (Rev. St. N. Y., 8th Ed., p. 2444,) which

provides that, on "the death of a surviving trustee of an express trust, the trust-estate shall not descend to his next of kin or personal representatives, but the trust, if unexecuted, shall vest in the supreme court."

On exceptions to report of referee.

Action by the administrator *c. t. a.* of Cornelia Post, deceased, against the administrator of Edwin Post, deceased, for an accounting. The referee reported in favor of a dismissal of the action, and petitioner excepts. Laws N. Y. 1882, c. 185, (Rev. St. N. Y., 8th Ed., p. 2444,) provides: "Upon the death of a surviving trustee of an express trust, the trust-estate shall not descend to his next of kin or personal representatives, but the trust, if unexecuted, shall vest in the supreme court."

*Daniel G. Rollins* and *John C. O'Connor, Jr.*, for petitioner.    *F. W. Hinrichs* and *George D. Beattys*, for respondent.

RANSOM, S.    The referee has reported that this proceeding should be dismissed. The petitioner excepts to this conclusion of law and to the grounds upon which the referee bases it. They are—*First*, the inability of petitioner to maintain the proceeding in the capacity in which she has brought it, to-wit, as administratrix with the will annexed; *second*, that the right to compel the accounting sought is barred by the statute of limitations. As an additional ground for sustaining the disposition made by the referee, the respondent insists that all those who were ultimately entitled to share in the principal of the fund in question had received their entire interest, and that therefore, and as there are no unpaid creditors, there is no estate for the petitioner to administer. The last claim involves the question as to whether or not certain specified legatees, to whom a portion of the fund was given after the death of the life beneficiary, and who predeceased the latter, but survived the testatrix, were entitled to a vested interest therein. The testatrix died June 22, 1873, leaving a will, and appointing an executor and executrix, who, after the admission of the will to probate, July 10, 1873, took out letters testamentary,—the former on July 10, 1873, and the latter April 13, 1876. One of the executors died in July, 1879, and the other December 9, 1881. The will contained, among other provisions, the following: "I order and direct that my executors invest the sum of $20,000 upon bond and mortgage of real estate, or such stocks as they may regard as safe and permanent, and to pay over the interest and income thereof, as the same may be received, to my husband, Edwin Post, for and during his natural life; and upon his death, out of the principal of said trust fund, to pay to Jane Eliza Davis, daughter of Elijah Davis, the sum of $5,000; and, after deducting said sum of $5,000, to divide and pay over the remainder of said trust fund unto and among my sister, Emily Bell, and my brother, Gilbert T. Davis, in equal shares." On May 16, 1883, letters of administration *c. t. a.* were issued to the husband of the testatrix, the life beneficiary mentioned in the foregoing provision. Subsequently to his appointment, and in pursuance of two orders of the surrogate, dated, respectively, July 19 and 20, 1883, directing the transfer thereof to the said administrator, there were delivered to him a certain certificate of deposit belonging to the estate of testatrix, then held by the executors of one of the executors of testatrix, and certain bonds and mortgages, also belonging to said estate, and formerly in the possession of the executor of a deceased agent of testatrix's executors. These are the funds respecting which an accounting is sought. The said administrator died June 9, 1887, and letters of administration upon his estate were issued to the respondent August 25, 1887. The petitioner, who was appointed administrator *c. t. a.* of the testatrix, began this proceeding January 12, 1888, to compel the respondent, as administrator of testatrix's husband, to account for the administration of the latter of his wife's estate.

The first question presented is whether the persons among whom the will directed a division of the fund upon the death of the life beneficiary took a

vested or contingent interest therein.    There is no doubt that they each took a vested interest, not defeasible by the death of any of them in the life-time of such beneficiary.  *Coit* v. *Rolston,* 44 Hun, 548; *DaCosta* v. *Bass,* 48 Hun, 31; *Van Axte* v. *Fisher,* 22 N. E. Rep. 943; *Smith* v. *Edwards,* 88 N. Y. 104.    Such being the case, the personal representatives of the two legatees who predeceased the life beneficiary are entitled to their legacies, and the petitioner, as administratrix *c. t. a.* of the testatrix, is entitled to receive them for the purpose of administration and distribution, unless for some other reason she is precluded from doing so.

It is claimed that the trust respecting the fund is of such a character that it could only be executed by a trustee appointed for the purpose, and not by an administrator with the will annexed.    The provision containing the bequests in question, when considered separately or in connection with the rest of the will, evidences no intention on the part of the testatrix of reposing any such special or personal confidence or discretion in her executors as would dissociate the trust confided to them from their office as executors, or prevent them from fully administering it.    *Hood* v. *Hood,* 85 N. Y. 569–571; *Mott* v. *Ackerman,* 92 N. Y. 552, 553; *In re Clark,* 5 Redf. Sur. 466; *Bain* v. *Matteson,* 54 N. Y. 663, 664.

The claim that, pursuant to chapter 185 of the Laws of 1882, the execution of the provision in question devolved upon the death of the executors of the will upon the supreme court, is unfounded.    The chapter cited relates solely to the case where one who, being a trustee, as contradistinguished from an executor merely, dies leaving the trust unexecuted.    We have seen that the present is not a case of this character.

The question remains as to whether the petitioner is barred from maintaining the proceeding by the statute of limitations.    It is to be noticed that the proceeding is not brought against the representatives of the deceased executors of testatrix.    More than 11 years have elapsed since the issuance of letters to the executor who last qualified and the commencement of this proceeding.    If the proceeding had been begun against them, doubtless the plea of the bar of the statute would prevail.    *In re VanDyke,* 44 Hun, 397; *In re Clayton,* 5 N. Y. Supp. 266.

The attitude in which respondent's decedent stood with reference to the fund or property in question was that of having a claim therefor against the estates of those having possession of it.    The representatives of such estates having surrendered the property or fund to respondent's decedent within six years prior to the commencement of this proceeding, the attempt to interpose the statute of limitations to defeat the present proceeding is ineffective.    *In re Coman,* 47 Hun, 639.    See *Leroy* v. *Bayard,* 3 Bradf. Sur. 228; *Warren* v. *Paff,* 4 Bradf. Sur, 266, 267; *Paff* v. *Kinney,* 5 Sandf. 380; *House* v. *Agate,* 3 Redf. Sur. 311.

The exceptions to the referee's report are sustained, and the report must be referred back to the referee, to proceed with the accounting.