## *In re* VAN WERT's ESTATE.

*(Surrogate's Court, Westchester County, Filed May,* 1893.)

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING.

A surviving administrator is not liable to account for the assets of the estate when nearly the entire thereof fell into the hands of his co-administrator, deceased, whether they were originally taken by the latter, or handed to him by the surviving administrator.

2. SAME—ACCOUNTING—STATUTE OF LIMITATIONS.

The statute of limitations may be invoked as a protection by an accounting administrator, notwithstanding that he has voluntarily accounted.

3. SAME.

Interest received on securities other than such as was accruing at intestate's death, is not a portion of the assets so as to affect the running of the statute of limitations.

4. SAME.

In such case payments by the administrator to his co-administrator, who was also next of kin, within the statutory period will not take the case out of the statute.

5. SAME.

On accounting, a surviving administrator is not obliged to produce vouchers for moneys handed to his co-administrator, as such, as they are not payments, and vouchers are only required for payments made of debts or shares or other liabilities.

6. SAME—ATTORNEY ACTING AS ADMINISTRATOR.

An administrator who is an attorney will not be allowed his costs and charges in actions in which he was concerned as attorney.

Accounting of Thornton M. Niven as surviving administrator of John A. Van Wert, deceased.

Thornton M. Niven, administrator, in person (Walter Edwards, of counsel); John T. Anderson, for Contestants (L. T. Yale, of counsel).

COFFIN, S.—It is an undisputed fact that the deceased admin-

istrator received moneys and property of the intestate amounting to at least $25,000, which was nearly the amount of the original estate. Neither this administrator, as survivor, nor any person interested in the estate, has called upon the administrators of the deceased administrator to account, nor have those administrators voluntarily rendered any account, as provided by section 2606 of the Code. How, then, can it be expected that Mr. Niven should account and be held liable for the whole assets when the greater part fell into the hands of his coadministrator, whether originally taken by him, or handed over to him by Niven? *Non constat* but that they, or the greater part of them, remained in his hands at the time of his death. If an accounting had taken place under the above section of the Code, the fact would, perhaps, have been ascertained whether he had misapplied or wasted them, and whether Niven, by handing them to him, or permitting him to take them, was chargeable with a devastavit. It seems, under the circumstances, that this accounting must fail of producing satisfactory and conclusive results. It is true, however, that, under the provisions of section 2729, one of two or more administrators may present a petition for the judicial settlement of his separate account, and pray that his co-administrator may be cited to attend. That is not this case, but the administrators of the deceased administrator have been cited. The duties of the deceased administrator were paramount to his interests as next of kin, and his administrators in this proceeding stand precisely in his place. They can no more question any act of his than he could, if he were alive and a party to this matter. He certainly could not be allowed to charge his co-administrator with a devastavit in handing over the moneys of the estate to him, or of taking title to himself of lands sold under the foreclosure of a mortgage belonging to the estate, or of taking assignments of such mortgages to himself. If he were guilty of a devastavit, his administrators are in no position to allege it in this proceeding. The administrators seem to have acted in entire harmony in mismanaging the affairs of the estate, and each one appears to have had a

knowledge of what the other one did, and no complaint was ever made. Their duty was a plain statutory one, and they should have closed up the matter many years since; but, instead of doing so, they appear to have managed it as though it all belonged to the two next of kin, as it did, without regard to the fact that they must die, when others might step in and criticise their acts. The only safe guides for executors and administrators are the statutes on the subject. A failure to observe them almost inevitably leads to trouble. Here they invested and reinvested moneys, and did many other things that were entirely foreign to their duties, but of which these contesting administrators have no right to complain; and hence their objections must fall.

The statute of limitations is invoked as a protection by the accounting party, and it would seem that it is a shield of which he may rightfully avail himself here. Administration was granted in October, 1877. One year from that time the distributive shares became due. The administrator next of kin died in December, 1889. The next year this voluntary proceeding was commenced, and the next year, before its conclusion, Julia Van Wert, the only other next of kin, died. About twelve years, therefore, elapsed before any settlement of the estate was sought or commenced, within which it could have been done. It was held in the case of House v. Agate, 3 Redf. Sur. 307, affirmed by the General Term on appeal, that in such case the statute was a bar. It was also held in that case that the fact that the executor applied for a voluntary accounting did not deprive him of the right to set up the statute. The same doctrine was held in *Re* Clayton (Surr.), 5 N. Y. Supp. 266. All of the assets of this estate fell at once into the hands of the administrators, and it does not appear that any have since been received. The interest they subsequently received on securities other than such as were accruing at the intestate's death was not a portion of the assets received by them. It may be said that payments were made by the accounting party to "W. A. Van Wert, co-administrator and next of kin," as he states in

his account, which operate to take the case out of the statute. A payment, usually, to revive a claim barred, is upon some previous fixed sum, but here there was and could be nothing of the kind.   I am inclined to think that, if there were such payment, it would not operate to take the case out of the effect of the statute.   However that may be, as above remarked, the duties of the deceased administrator were paramount to his rights as next of kin, and he must be deemed to have received such moneys in his official capacity, to be duly administered by him. As to Julia Van Wert, it does not appear that the accounting party ever paid to her anything on account as next of kin or otherwise since 1878.   It was claimed, however, by him that his co-administrator acted as agent for Julia, and that he handed him money for her, while this is denied by the contestants.   In my view of the matter, it is unnecessary to decide the controversy.   The statute bars her claim.

It seems to me that on both the above grounds the contestants have established no liability to them on the part of Mr. Niven. If this be so, then the question as to his having or not filed proper vouchers is of no concern to the contestants.   And, again, if it be correctly held that the moneys paid for or handed to the deceased administrator came into his hands in his official capacity only, then they were not payments, and vouchers are only required for payments made of debts or shares or other liabilities.   There should be disallowed to Mr. Niven, however, his costs and charges in actions in which he was concerned as attorney.   I so held in the case of Campbell v. Purdy, 5 Redf. Sur. 434.   A decree will be prepared according to the views above expressed, with costs to the surviving administrator.