Under Code Civ. Proc. § 382, requiring an action on an obligation, express or implied, to be brought within six years; section 414, making the provisions of the chapter, in which is section 382, applicable to a special proceeding; sections 2726 and 2727, providing that the surrogate's court shall compel settlement of an executor's or administrator's account at the expiration of a year, or, at the outside, of a year and a half, from granting of letters; and section 1819, declaring that if, at the end of a year after the granting of letters, an executor or administrator refuses to pay a legacy or distributive share, the person entitled thereto may maintain an action against him, but, for the purpose of computing the time within which the action must be commenced, the cause of action accrues when the executor's or administrator's account is judicially settled, and not before,—a proceeding to obtain a distributive share, through an accounting in the surrogate's court, must be begun within six years after the expiration of the year and a half from granting of letters.

2. SAME—ACKNOWLEDGMENT—PAYMENT.

A payment by an administrator to another than petitioner within six years will not take out of the statute a proceeding to obtain a distributive share through an accounting by the administrator in the surrogate's court.

3. SAME—FURNISHING ACCOUNT.

Nor will such proceeding be taken out of the statute by reason of the fact that, within six years, the administrator furnished to each of the next of kin an account showing an indebtedness to him, in which he credited himself with disbursements incurred within the six years.

Proceeding in the matter of the estate of John Miller, deceased, on petition of Frank A. Crandall, to compel Harvey S. Elkins, the surviving administrator, to account and make distribution of the remainder of the estate. Proceeding dismissed.

Bootey, Fowler & Weeks, for petitioner.
V. E. Peckham and J. B. Fisher, for administrator.

WOODBURY, S. Letters of administration upon the estate of John Miller, deceased, were granted and issued by the surrogate

unto Elizabeth Miller and Harvey S. Elkins on the 13th day of November, 1875, who caused an inventory of the decedent's estate to be made and filed as required by law. Subsequent to their appointment, Elizabeth Miller died, and thereafter Mr. Elkins continued the administration of the estate. The administrator has never settled his accounts, and no account of his proceedings has ever been rendered to any court.

On the 21st day of March, 1895, Frank A. Crandall presented to this court his duly-verified petition, alleging, in substance, the facts to which we have referred, and, further, that he is one of the next of kin of the deceased; that the personal property of the decedent amounted to $18,144.44, as appears from the inventory filed by the administrators; that said property was amply sufficient to pay all debts, funeral charges, and expenses of administration, and leave a large amount to be distributed among the next of kin; that, since the expiration of one year from the granting of letters, the petitioner has applied to the administrator to render an account of his proceedings, and distribute the moneys in his hands to the next of kin, which he alleges the administrator has neglected and refused to do,—and praying that the administrator be cited to show cause why he should not render an account of his proceedings and make such distribution. Upon the return of the citation issued upon the petition, requiring the administrator to show cause why he should not render an account of his proceedings and distribute the remainder of the estate in his hands to the next of kin of the deceased, the administrator appeared, and by written answer pleaded the statute of limitations as a defense and bar to the proceeding. A motion was then made by the administrator for a dismissal of the proceeding. This motion was denied, and proofs were offered and received as bearing upon the question of the applicableness of the statute to the proceeding, and of facts and circumstances relied upon by the petitioner to take the proceeding out of the operation of the statute.

The only question which we are called upon to consider is, therefore, whether the remedy of the petitioner in this proceeding is barred by the statute of limitations. Prior to the adoption of the Revised Statutes, the rule was well established in the court of chancery that, in cases where the jurisdiction at law and in equity were concurrent, a suit in equity must be commenced within the time limited for the commencement of an action at law; in other words, the equitable remedy in a case of concurrent jurisdiction is subject to the same limitation as the legal. Humbert v. Trinity Church, 7 Paige, 195, 24 Wend. 587; Story, Eq. Jur. § 529; Souza v. De Meyer, 2 Paige, 574; Kane v. Bloodgood, 7 Johns. Ch. 89; Murry v. Coster, 20 Johns. 576; Borst v. Corey, 15 N. Y. 505. A right of action was given by the Revised Statutes (section 9, tit. 5, c. 6, pt. 2) to a legatee or next of kin, against the executor or administrator, to recover a legacy or distributive share. Section 1819 of the Code of Civil Procedure gives the same right of action, and is a substitute for the provisions of the Revised Statutes. Section 382 of the Code of Civil Procedure provides that an action upon a

contract obligation or liability, express or implied, except a judgment or sealed instrument, must be commenced within six years after the cause of action accrues. This section acts as a substitute for section 18, tit. 2, c. 4, pt. 3, of the Revised Statutes.

All proceedings in surrogate's court are regarded as special proceedings within the meaning of the Code of Civil Procedure, and the rule of limitation prescribed by section 382 is, by force of the provisions of section 414, made applicable to such proceedings. The provisions of the Revised Statutes do not alter or change the rule established in equity, but, on the contrary, make that rule apply with greater force by expressly giving a right of action to recover a legacy or distributive share. It was not, however, until the adoption of the Code if Civil Procedure that there was a fixed statutory provision limiting the time of the commencement of a special proceeding to recover a legacy or distributive share.

Several of the cases to which we shall presently refer expressly, and others by necessary implication, hold that a special proceeding in surrogate's court, against an executor or administrator, to compel an accounting and payment of a legacy or distributive share, is a proceeding to enforce an obligation or liability not arising on a judgment or sealed instrument; and, as section 414 of the Code applies to such proceeding, it would seem that the same rule of limitations must govern with respect thereto as would govern a right of action upon an obligation or liability as prescribed by section 382 of the Code. It was accordingly held, under the provisions of the Revised Statutes, in accordance with the rule established in equity, and has since been held under the provisions of the Code of Civil Procedure, to which we have referred, that special proceedings in surrogate's court against an executor or administrator to enforce the payment of a legacy or distributive share, or an accounting, are barred by the statute of limitations if not commenced within six years from the time when the right accrued to compel such accounting or payment. McCartee v. Camel, 1 Barb. Ch. 455; Clark v. Ford, 1 Abb. Dec. 359; Smith v. Remington, 42 Barb. 75; Clock v. Chadeagne, 10 Hun, 97; Cole v. Terpenning, 25 Hun, 482; In re Van Dyke, 44 Hun, 394; In re Dunham's Estate (Surr.) 6 N. Y. Supp. 563; In re Underhill's Estate (Surr.) 9 N. Y. Supp. 455; In re Perry's Estate (Surr.) 15 N. Y. Supp. 535. The same doctrine has been recognized and reiterated in many other cases. Society v. Hebard, 51 Barb. 552; Id., 41 N. Y. 619; Roup v. Bradner, 19 Hun, 513; Drake v. Wilkie, 30 Hun, 537; In re Latz, 33 Hun, 618; In re Miller, 70 Hun, 61, 23 N. Y. Supp. 1104; Zweigle v. Hohman, 75 Hun, 378, 27 N. Y. Supp. 111; Loder v. Hatfield, 71 N. Y. 92; Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643; In re Gregory's Estate (Sup.) 4 N. Y. Supp. 235; In re Clayton's Estate (Surr.) 5 N. Y. Supp. 266; In re Nicholls (Surr.) 8 N. Y. Supp. 7; In re May (Sup.) 9 N. Y. Supp. 785; In re Post's Estate (Surr.) Id. 449; In re Hodgman's Estate (Sup.) 10 N. Y. Supp. 491; Pitkin v. Wilcox (Sup.) 12 N. Y. Supp. 322; In re Stagg, 6 N. Y. Civ. Proc. R. 88; In re Van Wert's Estate, 3 Misc. Rep. 563, 24 N. Y. Supp. 719.

This right accrued at the expiration of 1 year from the granting

of letters (Code Civ. Proc. § 2726), or, at the outside, at the expiration of 18 months therefrom (Id. § 2727); and, inasmuch as upward of 19 years had elapsed from the time letters were issued to the administrator to the time of filing of the petition, it follows that the statute of limitations is a bar to this proceeding, unless, by some act on the part of the administrator, the case is taken out of the statute, or the provisions of the statute have been waived, or unless the rule established by the cases cited has been modified or changed by more recent and controlling decisions, or by the enactment of section 1819 of the Code of Civil Procedure. The case of In re Camp, 126 N. Y. 377, 27 N. E. 799, is cited as authority for the proposition that the rule of limitations as laid down in the cases cited has been changed, or, at least, thereby rendered inapplicable to proceedings of this nature against an administrator, and that the rule to be applied in this proceeding should be the one applied in equity to trustees, viz. that the statute of limitations does not commence to run against the beneficiary until the trustee has openly, to the knowledge of the beneficiary, renounced, disclaimed, or repudiated the trust. In that case a fund had come to the hands of a guardian, in which he held a life estate, and he had receipted therefor as guardian. Sixteen years after the ward became of age, but within one year after he became cognizant of the receipt of the money by the guardian, he instituted a proceeding to compel the guardian to account. The guardian interposed the statute of limitations as a defense. The court, in deciding the question (Peckham, J., writing the opinion), says:

"The guardian has obtained possession of the fund as guardian, and he deals with it not alone in his own right as life tenant in this case, but he also deals with it as the property of others confided to his care. In this sense he occupies the position of a trustee, so far as to prevent the running of any statute of limitation in his favor regarding the property intrusted to him. Although he may cease to be guardian upon the ward coming of age, yet, as long as the property remains in his possession as guardian and unaccounted for, he must remain liable to account."

It will be seen by a careful study of this case that the broad and sweeping language employed, carried to its logical conclusion, would bring every guardian within the rule, applicable to trustees, to which we have called attention. Whether the court intended this result, or whether it employed this language with respect to the peculiar circumstances of the case under consideration, it is not necessary for us to determine in disposing of the proceeding before us. While the duties pertaining to the office of a guardian of property, and that of an executor or administrator, may not be materially different respecting matters of accounting and liability to account, and it may, with much plausibility of argument, be contended that the rule of limitation applicable to one is alike applicable to the other, and that such rule should be the one applied in equity to trustees, seemingly laid down in Re Camp, yet we are of the opinion that the court in that case did not intend to alter, modify, or change the rule of limitation made applicable to proceedings to compel payment of a distributive share on an accounting by an executor or administrator, established by the long and

almost uniform line of decisions which we have cited. There is nothing in the language of the opinion which imports any such purpose, and no such intention should be presumed. This view of the case is strengthened by the fact that, in the case of Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643, the court of appeals (in an opinion also written by Peckham, J.) recognized and reiterated the rule that the six years' statute of limitations would bar a proceeding in surrogate's court against an executrix to compel the payment of a legacy; and it seems to us that we would not be warranted in presuming that the court intended to overrule the doctrine there recognized, without even referring to it. A careful study of the cases leads us to the conclusion that, while executors and administrators act in a fiduciary capacity, and are, in a general sense, trustees, as they deal with the property of others, they are not to be regarded as falling within that class of trustees to which the rule of limitation contended for applies. It would seem that such a rule was intended to apply to an actual, express, and subsisting trust. Lammer v. Stoddard, 103 N. Y. 672, 9 N. E. 328. The dicta in the cases of Wood v. Brown, 34 N. Y. 342, and In re Hawley, 104 N. Y. 261, 10 N. E. 352, support this view.

It has several times been urged in our appellate courts that the provisions incorporated into the statute by the adoption of section 1819 of the Code of Civil Procedure, which provides that, "for the purpose of computing the time within which such an action must be commenced, the cause of action is deemed to accrue when the executor's or administrator's account is judicially settled and not before," has changed the rule of limitation governing special proceedings in surrogate's court of this nature. The opinions expressed by our judges upon the question have not been entirely harmonious. The section referred to relates exclusively to actions, and makes no reference to special proceedings instituted for the purposes mentioned. It will be observed, also, that this section does not change or alter the period of limitation, but only prescribes the time from whence it is to be computed. The weight of authority seems to be to the effect that the rule of limitation applied by that section to an action does not affect the rule of limitation applied to a special proceeding in surrogate's court, and that the six years' statute is still a bar to such proceedings. In re Van Dyke, supra; In re Nicholls, supra; In re Dunham's Estate, supra; In re Underhill's Estate, supra; In re Perry's Estate, supra.

It only remains for us to consider those acts of the administrator which are relied upon by the petitioner to prevent the operation of the statute. On the 4th day of February, 1891, the administrator paid to Abbey Correll, one of the next of kin, $100, but no evidence was offered showing the circumstances under which the payment was made. This was but one of a series of payments by the administrator to the various next of kin, covering a period from the time of his appointment to the time of the payment of the $100, aggregating nearly $17,000; but none of the other payments were made within six years of the time of the filing of the petition. It is contended by counsel for the petitioner that this payment operated

as an acknowledgment by the administrator of a liability which takes the proceeding out of the statute. We question very much whether such a payment, in a matter of this nature, can have that effect, in the absence of any evidence of the circumstances under which it was made. It is, however, in our opinion, a sufficient answer to the proposition that the payment was not made to the petitioner, nor is there any evidence showing that he was in any manner connected with it, or that it was intended to influence his action; neither was it made to his agent, nor to any one acting for him or in his interest, who might be expected to communicate it to him, so as to affect his conduct. It was made to a third party, who is a stranger to this proceeding. Payments under such circumstances cannot be held to relieve the operation of the statute. De Freest v. Warner, 98 N. Y. 217; In re Kendrick, 107 N. Y. 104, 13 N. E. 762.

In 1893 the administrator prepared and furnished to each of the next of kin a typewritten statement of account of his proceedings. It is claimed that this amounts to a written acknowledgment, from which a promise to pay will be presumed, so as to prevent the operation of the statute. We hold otherwise. This proceeding is to be regarded as one to enforce the payment of a distributive share; and the statement of account, which is unsigned, neither acknowledges a liability nor does it contain any promise to pay, but, on the contrary, it shows an indebtedness to the administrator. This account cannot, certainly, have any greater force and effect as an acknowledgment or promise than its contents and terms import. Again, it is contended that, inasmuch as the administrator has, in such account, credited himself with several items of expenditures and disbursements incurred within the six years next preceding the filing of the petition, the operation of the statute is thereby prevented. We do not agree with this proposition. Such payments are neither acknowledgments, promises, nor part payments, within the meaning of the statute, to take the case out of its operation.

During the six years immediately preceding the commencement of this proceeding, the administrator performed certain acts in his official capacity, and this fact is relied upon by counsel for petitioner to take the case out of the operation of the statute. It seems that one of these acts was the foreclosure of a mortgage upon real property, and that, upon the sale, the administrator became the purchaser of the property for $150, and still holds it. It does not appear to whom the mortgage was given, or who gave it, or when or how it came to the hands of the administrator. The only evidence as to whom the mortgage was given was by the witness Colburn, who owned the equity of redemption in the land when the foreclosure took place. He testified that he thought it ran to the heirs of John Miller. If this is to be regarded as true, and we do not see how we can otherwise treat it under the evidence, it is difficult to understand what the administrator, as such, had to do with it. The fact that he foreclosed it as administrator could not affect the rights of the heirs as mortgagees, or their remedy

against the land. Again, if he acted for them, and at their request, in the foreclosure of a mortgage owned by them, a remedy is doubtless open to them for such relief as they are entitled to; but, in the absence of any evidence, unless by strained presumption, showing that the mortgage was a part of the trust estate, we do not see why or how it can prevent the running of the statute.

We desire, however, to place our decision respecting this proposition squarely upon the ground that the acts of the administrator, performed within the six years preceding the commencement of this proceeding, do not operate to prevent the running of the statute. The evidence does not show that the petitioner has been under any disability, or that he has acted in ignorance of, or been misled with respect to, his rights in the premises, nor that he has remained in repose, or been inactive, by reason of any promises, statements, or representations made by the administrator. We are not aware that this precise question has been passed upon, and the decisions give but little light upon the subject as to what acts on the part of the administrator may be relied upon to prevent the operation of the statute. The provisions of the Code of Civil Procedure to which we have referred furnish the rules upon this subject for our guidance, and point out the only acts upon which we may rely to prevent the running of the statute or take a case out of its operation.

We must concede that there is much force in the argument advanced, that an executor or administrator should not be permitted to come into court, in his representative capacity, and enforce an obligation or liability, and immediately thereafter be permitted to successfully interpose the statute of limitations as a bar to a proceeding against him to account and make distribution. The provisions of the Code do not recognize these acts as sufficient to take the case out of the statute, and, as the rule in equity applicable to trustees does not seem to apply to this proceeding, we are constrained to hold as already indicated. The remedy of the petitioner may yet be open by an action at law under section 1819 of the Code of Civil Procedure, but it is barred in this proceeding, as we believe, and accordingly hold. An order will enter dismissing the proceeding.

Proceeding dismissed.