proceedings. Upon the papers submitted, the application must be denied.

Application denied.

(28 Civ. Proc. R. 233; 25 Misc. Rep. 281.)

In re BOYLAN'S ESTATE.

(Surrogate's Court, New York County. November, 1898.)

EXECUTORS AND ADMINISTRATORS—NEXT OF KIN—RIGHT TO COMPEL ACCOUNT-
ING—LIMITATIONS.

An application under Code Civ. Proc. § 2606, of one claiming as the only
surviving next of kin of a decedent, to compel an executrix of the will of
a deceased administrator of the decedent to render an account, made 15
years after letters testamentary were issued, is analogous to an action at
law, and hence is barred by the six years' statute of limitations (Code Civ.
Proc. § 382).

In the matter of the estate of Mary Boylan, otherwise known as Mary Clark, deceased, an application is made by a petitioner to compel the executrix of the will of the deceased administrator of such estate to account. Petition dismissed.

W. F. Randel, for petitioner.
Steinhardt & Goldman, for respondent.

ARNOLD, S. The application herein is made under section 2606 of the Code of Civil Procedure, by the petitioner, claiming to be the only surviving next of kin of the decedent, and as such interested in her estate, to compel the respondent, as executrix of the will of the deceased administrator of such estate, to render an account of the proceedings of her testator as such administrator. It appears that the decedent died in May, 1873, and that letters of administration were granted upon her estate on February 12, 1874; that the administrator died on February 26, 1880, and that letters testamentary upon his will were issued to the respondent at some time between the latter date and March 1, 1883. The latter now sets up the statute of limitations as a bar to the petitioner's right to maintain the proceeding. In Re Rogers, 153 N. Y. 316, 47 N. E. 589, which was a proceeding by an adminis-tratrix de bonis non to compel an accounting by the executor of the will of the deceased executrix of the estate, the court held that, as the proceeding was in the nature of a bill of discovery, the ten years' (Code Civ. Proc. § 388), and not the six years' (Id. § 382), statute of limitations applied, the provisions of such sections being by section 414 made applicable to special proceedings; but, inasmuch as the right to maintain such proceeding was first given to a successor in ad-ministration by the provisions of section 2606, Code Civ. Proc., which became operative September 1, 1880, and ten years had not elapsed be-tween such date and the commencement of the proceeding, the peti-tioner was not barred by the statute. But it was said to be well set-tled (citing numerous authorities) that, as to legacies not charged upon land, distributive shares of an estate, and debts owing by the decedent, the statutes of this state give a concurrent remedy to legatees, credit-ors, and next of kin, in courts of law and equity and in the surrogate's

court, and that as the statute of limitations is a bar at law it is also a bar in the surrogate's court or in a court of equity; and that if the petitioner had applied as next of kin her remedy would have been analogous to an action at law to recover a demand that was due, and, hence, would have been governed by the six years' statute. The present proceeding was not commenced until at least 15 years after letters testamentary were issued to the respondent, and it follows that the petitioner's right to maintain the same was then barred by the statute. The petition must be dismissed, and an order to that effect may be submitted.

Petition dismissed.

(25 Misc. Rep. 257.)

### In re DEMPSEY et al.

### In re KENNEDY'S WILL.

(Surrogate's Court, New York County. November, 1898.)

CONSTRUCTION OF WILLS—BEQUEST ON CONDITION.

Testator provided in his will that his executors should give one-third of the residue of his estate, in trust, to a certain charitable institution, for the maintenance of his wife during her life, and to provide for her burial, and directed them to allow such institution to retain, for its own benefit, any moneys belonging to such fund remaining on her decease, and that his executors should pay over the other two-thirds thereof to his son. Testator's wife predeceased him, without having been at any time an inmate of the institution in question, or in any way under its care. *Held*, that such bequest failed, as the death of the wife before that of testator rendered it impossible for the legatee to perform the condition on which it depended.

In the matter of the judicial settlement of the account of James S. Dempsey and another, as executors, etc., of Luke Kennedy, deceased. The executors claimed that the bequest in the fifth clause of the will was either a conditional legacy to St. Vincent's Retreat or a trust for the benefit of Mary A. Kennedy during her life, with remainder over to the Retreat, and that the latter was not entitled thereto, nor to any portion thereof.

Rider & Smith, for executors.

Sayers & Gillespie, for St. Vincent's Retreat.

ARNOLD, S. The decedent died in this city in or about the month of March, 1896, leaving a will, which was executed February 3, 1891, and at each of said dates his only next of kin was his son, Joseph Kennedy, residing in Minneapolis. The third clause of the testator's will gave a legacy of $2,000 to his friend, James S. Dempsey, and the fourth clause, $1,000 to the parish priest of St. James' Church, for the poor of the congregation. The testator then disposed of the residue of his estate in the following words:

"The balance thereof to be divided as follows: One-third thereof to be given in trust by my executors to the trustees or officers of St. Vincent's Retreat, situated at Harrison, New York, for the benefit, maintenance, and support of my wife, Mary Ann Kennedy, during her natural life, and to receive the best of nourishment and care and to be made comfortable in her old age, and on