FRANCIS A. REITZ, Appellant, *v.* FRANCIS J. REITZ, Respondent.

The provision of the statute of uses and trusts (1 R. S., 728, §§ 51, 53), declaring that where a grant shall be made to one person for a valuable consideration paid by another, no use or trust shall result in favor of the one making the payment, but title shall vest in the grantee, implies the assent and co-operation of the one paying the money, and so inducing the grant from the one receiving it; it does not apply unless he was aware that the grant was so taken.

*It seems,* therefore, that where an agent has invested the moneys of his principal, in his hands, in the purchase of real estate, taking title in his own name, in order to claim the benefit of said provision he must show that the title was so taken, with the knowledge and consent of his principal.

In an action to have it adjudged that lands so alleged to have been purchased by an agent are held by him in trust, the complaint, after alleging the purchase with the money of the principal, and the grant to the agent in his own name, alleged that it was understood and agreed that the investments should be made in the name of the principal, and that

it was taken without her knowledge or consent in the name of defendant. Plaintiff's evidence established these allegations. In the answer and in his testimony defendant denied that the purchase was made with the money of his principal, and denied the agreement alleged. The referee found that the lands were purchased for the principal. There was no express finding that the deed was taken without the consent or knowledge of the principal. *Held*, that the findings made, necessarily implied an absence of consent or knowledge that he should take title in his own name; that consent to a conveyance vesting the entire interest, both legal and equitable, in the agent, would be inconsistent with the finding that the lands were purchased for the principal.

This action was commenced in 1867. The lands were conveyed to defendant in 1854; his mother, for whom he acted as agent, and with whose money he made the purchase, died in 1866. Defendant did not assume to own the property or deny her right thereto until after her death; and she had no knowledge that the deed had been taken in his name. *Held*, that, until the happening of one or the other of these events, the cause of action did not accrue; and that, therefore, the action was not barred by the statute of limitations.

*Reitz* v. *Reitz* (14 Hun, 536), reversed.

(Argued March 8, 1880; decided April 6, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, reversing an interlocutory judgment, entered upon the report of a referee, and granting a new trial. (Reported below, 14 Hun, 536.)

This action was brought to have it adjudged that certain premises, conveyed to the defendant by deed in 1854, are held by him in trust; and for an accounting.

The complaint alleged, in substance, that the lands in question were purchased by defendant, who was at the time the agent of his mother, Elizabeth B. Reitz, with moneys belonging to her, in his hands as such agent; that it was distinctly understood by and between plaintiff and defendant, who were the only children of said Elizabeth, that the investments of said moneys should be made in her name; but that defendant, contrary to his duty, took the deed of said premises in his own name, without the knowledge or consent of his mother; that defendant erected, with the consent of his mother, certain buildings on said premises, and received the rents and profits thereof; that up to the time of the death of his said mother, he did not assume to own the

property or deny her right thereto, but treated it as belonging to her ; that she died in December, 1866, intestate.

The answer admitted the conveyance to him of the premises in question, but denied that the same were purchased with the moneys of his mother. On the contrary, alleging that they were purchased with his own funds, and by him individually, and not as agent for his said mother.

The referee found, that said Elizabeth Barbara Reitz, during her life-time and until her death, entrusted the defendant as her agent with her business ; that he received certain moneys belonging to her as her agent ; that with said moneys he purchased certain lots for her on Myrtle avenue, but took the title to said lots in his own name ; that the defendant afterwards, by and with the consent of the said Elizabeth Barbara Reitz and the plaintiff, erected upon said lots four certain buildings, and received therefor certain rent as alleged in the complaint ; that the interest of the said Elizabeth Barbara Reitz in said lots has descended to plaintiff and defendant in equal terms ; that the defendant holds the title to said lots for the equal use and benefit of himself and the plaintiff.

Further facts appear in the opinion.

*L. K. Church*, for appellant. Trust money may be followed into lands and will impress them with the trust. (*Ferris* v. *Van Vetchen*, Ct. Appeals, March 26, 1878.) A resulting trust arose by reason of the plaintiff's fraud in taking title in his own name. (*Traphagen* v. *Burt*, 67 N. Y., 30.) Declarations may be taken to show that the purchase was of a trust character and so intended at the time of purchase. (*Chapman* v. *Porter*, 69 N. Y., 276.) The referee was not required to negative in express terms any facts than such as enter into and form a basis of the judgment rendered by him. (*Nelson* v. *Ingersoll*, 27 How. Pr., 1; *McAndrews* v. *Whitlock*, 2 Sweeney, 623; *Lermont* v. *Baetjec*, 49 Barb., 362; *Manley* v. *North Am. Ins. Co.*, 1 Lans., 20; *McDougal* v. *Hess*, 68 N. Y., 20; 3 Wait's Pr.,

306, 307.) If defendant sought to avail himself of a statutory bar, he was bound to prove all facts necessary to render the bar effectual. (*Cole* v. *Jessup*, 10 N. Y., 96, overruling 2 Barb., 309.) If there were issues upon which no evidence was given, it was not necessary that the referee should notice them in his report. (*Ingraham* v. *Gilbert*, 20 Barb., 151; *Patterson* v. *Graves*, 11 How. Pr., 92.) If the referee has not fully reported, the report should be sent back for correction on proper motion to have same corrected. (*Manley* v. *Pres. and Directors of Ins. Co. of N. A.*, 1 Lans., 20; 3 Wait's Practice, 334.) In equity actions the court will always look at the entire case, and see whether substantial justice has been done, and where that appears it will affirm the judgment notwithstanding the admission of testimony which in ordinary actions at law might have necessitated a new trial. (*Church* v. *Kidd*, 3 Hun, 254; 5 T. & C., 454; *Hill* v. *Grant*, 46 N. Y., 496.)

*Homer A. Nelson*, for respondent. No trust, either express or implied, is established. (1 R. S., 728, §§ 51, 52, 53, original paging.) The claim of plaintiff is barred by the statute of limitations. (Code, §§ 382, 388.) An agency is not such a trust as to prevent the running of the statute of limitations. (*Renwick* v. *Renwick*, 1 Bradf., 234; 20 J. R., 576; 5 Hill, 396; 4 Mass. C. C., 152; Angel on Lim., 186; 13 Barb., 632.)

DANFORTH, J. The order appealed from does not show that the new trial was granted upon a question of fact, and the contrary must be presumed. (Code of Civil Procedure, §§ 1337, 1338.) Nor are we to consider the weight of evidence produced upon the trial by the respective parties, but whether there is any which would support the findings of the referee. An examination of the record satisfies me that there is, and as the conclusion of the General Term does not seem to have been otherwise, it cannot be necessary to re-state here the testimony on which, as I think, the findings may stand. Do these findings support the conclusion of law

upon which the decision of the referee depends? The
referee finds that Elizabeth Barbara Reitz, "during her life-
time, and until her death, entrusted the defendant, as her
agent, with her business and with the settlement of the estate
of her husband. That as her agent he received moneys
belonging to her, with which he purchased certain lots for
her, but took the title thereto in his own name; that he
afterwards, with the consent of said Elizabeth Barbara, and
the plaintiff, erected upon said lots four certain buildings,
and received rent therefor, as alleged in the complaint"
(that is, as her agent); "that the interest of said Elizabeth
Barbara in said lots has descended to the plaintiff and defend-
ant in equal terms;" that the defendant holds "the title to
said lots for the equal use and benefit of himself and the
plaintiff; and as conclusion of law the referee directs that he
render an account of all moneys and effects that have come
to his hands as the agent of the said Elizabeth Barbara dur-
ing her life-time, and of all the rents which have come to his
hands since her death." The decision of the referee has
been set aside, and a new trial ordered, by the General Term.
This order is appealed from, and the learned counsel for the
respondent now urges in its support: *First.* That there is
no finding by the referee that the defendant took the deed
above referred to in his own name without the knowledge or
consent of his mother, and, therefore, that the case is within
the statute of uses and trusts. (1 R. S., 728, tit. 2, part 2,
ch. 1, art. 2, §§ 51, 52.) *Second.* That the claim is barred by
the statute of limitations.

I am unable to see that the statute applies to the defend-
ant's case. The defendant occupied towards his mother, a
fiduciary relation. He was her agent, as such he received
her money, invested it in land for her, but he took the title
in his own name. Not with her consent, or with her knowl-
edge. The statute (§ 51), was obviously intended to prevent
a secret trust in favor of the person paying the consideration.
In *Siemon* v. *Schurck* (29 N. Y., 610), after quoting the
sections above referred to, HOGEBOOM, J., says: "It was

not deemed consistent with fair dealing and just policy that a person for whose use such a conveyance was made, and who was designed to reap all the benefits thereof, should thus conceal a real ownership under an assumed name, and the statute, therefore, virtually imposed upon him the penalty of the forfeiture of his estate." Such result could not have been intended, unless the person paying the money was aware that the deed was so taken. It implies the assent and co-operation of two persons, one paying the money, and so inducing the grant, and the other receiving it. There is then apparent, an intent to violate the statute. The facts in this case exclude such conclusion. Here one person, the agent, confessedly buying property for the principal, by mistake or fraud took the title in his own name. No other inference can be permitted. It was his duty to take the conveyance in the name of his principal, and he cannot profit by his omission to do so, or successfully invoke against her, or those claiming under her, a statute which was designed to prevent, not to encourage fraud. (*Siemon* v. *Schurck*, *snpra ; Day* v. *Roth*, 18 N. Y., 448; *Lounsbury* v. *Purdy*, 18 id., 515.) But if the statute (*supra*), has an application, it is quite clear that as to the lots in question, and the relief depending thereon, the referee did not err. Section fifty-one, is so qualified by section fifty-three, that it does not extend to cases " where the alience named in the conveyance shall have taken the same in his own name, without the consent or knowledge of the person paying the consideration." The complaint alleges that the purchase was made by the defendant with his mother's money, received by him for investment for her, part of it from the plaintiff's hands, who " supposed that such investment would be made in the mother's name, as it was distinctly understood and agreed between the plaintiff and defendant, that such investment should be so made," and other allegations to the same end. They in substance amount to an averment that the deed was taken by defendant in his own name, without the knowledge or consent of the mother. The evidence on one

side clearly establishes that fact. The defendant by his ans-wer and his testimony substantially denies it, as he also denies that he bought the lots for his mother, or with her money. Yet the referee finds to the contrary, and in this finding is necessarily implied an absence of consent or knowl-edge, that he should take the title absolutely in his own name.

An absolute conveyance is one which vests the entire interest in the property conveyed, both legal and equitable in the grantee. Consent to such a conveyance would be inconsistent with the finding that the lots were purchased for the mother. If they were bought for her by her agent, it must have been without her knowledge or consent that the absolute conveyance was taken to himself, and a finding by the referee to that effect may be inferred as involved in his general conclusion in favor of the plaintiff. (*Grant* v. *Morse,* 22 N. Y., 323; *Siemon* v. *Schurck,* 29 N. Y., 598.)

Nor does the statute of limitations aid the defendant. He did not until after his mother's death, assume to own the property, or deny her right thereto. Nor did she have knowledge that the deed had been taken in his name. Until the happening of one or the other of these events, no cause of action accrued. She died in 1866, and this action appears to have been commenced in 1867.

The order of the General Term should be reversed, and a new trial denied.

All concur, except ANDREWS, J., absent.

Order reversed, and new trial denied.