claim her damages as if the village had directly made the change itself. There seems to be no reason why the. provisions of the act do not apply to the plaintiff's case. She is an abutting owner; she is injured by a change of grade; the change of grade was permitted by the village; it was ordered because "public safety makes it desirable." The fact that the railroad company paid the expense and did the work in accordance with the plan has no relevancy as to the petitioner. The village method of changing the grade was followed out and the petitioner was thereby injured. Without the order of the village the act would have been a trespass and the railroad company responsible for all damages done. (*Uline* v. *The New York Central, etc., R. R.*, 101 N. Y., 98.) With the consent of the trustees the company are not liable. (Same case.)

The order appealed from should be affirmed with costs.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed with costs and disbursements.

---

IN THE MATTER OF THE PETITION of MARY ELLA CAMP FOR AN ACCOUNTING BY CALVIN B. CAMP, AS HER GUARDIAN.

MATTER OF THE PETITION OF WILLIAM C. CAMP, ETC.

MATTER OF THE PETITION OF JULIA A. TEBBETTS, ETC.

*Accounting by a general guardian — the statute of limitations does not run until he repudiates the trust.*

Upon an appeal from an order of the surrogate ordering Calvin B. Camp to account, it appeared that he had been appointed the general guardian for his three children in February, 1868, and that no inventory was ever filed; that two of the children became of age over ten years and one over six years before the petition for the accounting was filed.

*Held,* that, as in contemplation of law the fund remained at all times invested as was required by law, and in a situation to be delivered over, and the guardian had no personal title, he held as trustee for the infants, and until he repudiated the trust, or in some way claimed a title to the fund in defiance of it, there was no beginning of the running of the statute of limitations, and that no importance should be attached to the arrival at full age of the beneficiaries.

APPEAL from an order of the surrogate of the county of Kings, made and entered on July 13, 1888, requiring Calvin B. Camp to file his inventory and account, with the vouchers in support thereof as general guardian of the persons and estates of Mary Ella Camp, Julia Adelaide Tebbetts and William C. Camp.

*Nelson Cross*, for Calvin B. Camp, appellant.

*Benjamin F. Tracy* and *Frederic B. Jennings*, for the petitioners, respondents.

BARNARD, P. J.:

The facts involved in the consideration of this appeal are uncontradicted. Calvin B. Camp was appointed general guardian for his three children in February, 1868. No inventory was ever filed. The children became of age; two of them over ten years before this proceeding was commenced, to compel an accounting, and one of them over six and under ten years, before the petition for an accounting was filed. The petition was filed in the Surrogate's Court, which appointed the guardian. It was based upon section 2847 of the Code, which provides that the petition may be presented by the ward after he has arrived at majority. · The surrogate ordered the guardian to account, and this appeal is brought to reverse the order by reason of the lapse of time since the infants severally arrived at the age of twenty-one years. When the guardian received the moneys of the infants it was his duty to invest the same in his name as general guardian for the infants. In contemplation of law the fund at all times remained invested as was required by law, and in a situation to be delivered over. The guardian had no personal title; he held as trustee for the infants, and until he repudiated the trust or in some way claimed a title to the fund in defiance of it, there was no beginning of the running of the statute of limitations. (*Reitz* v. *Reitz*, 80 N. Y., 538; *Mabie* v. *Bailey*, 95 id., 206.) No importance can be attached to the arrival of age of the beneficiaries. The general guardian could have terminated the trust, but he did not. He even kept all knowledge from the beneficiaries that there was any property belonging to the trust. This gave him no title to the property which was "being kept entirely separate from the individual money and property of the guardian." (*Seaman* v. *Duryea*,

11 N. Y., 324.) There could not then be a time when the hostile position of the guardian in respect to the fund could set in motion the statute of limitations until express repudiation to the beneficiaries. In such case the statute would begin to run from the repudiation of the trust. (*Boughton* v. *Flint*, 74 N. Y., 476.)

The order should, therefore, be affirmed, with costs.

PRATT, J., concurred.

Decree of surrogate that guardian account, affirmed, with costs.

Same judgment in Matter of Petition of William C. Camp and Matter of Petition of Julia A. Tebbetts.

---

WILLIAM T. GILLOTT, JR., AS ASSIGNEE OF HERMAN N. SMITH, RESPONDENT, *v.* WILLIAM F. REDLICH AND OTHERS, APPELLANTS.

*Fraudulent sale of property by an insolvent debtor is not a bar to an action, brought by an assignee for the benefit of creditors, to recover it — a sale under valid process, after the execution and recording of the assignment, will not protect the party directing it.*

In an action brought by the plaintiff, as the general assignee of H. N. Smith, to recover the value of property claimed by him to have belonged to his assignor, and to have been unlawfully seized and sold by the defendants, it appeared that, prior to August 3, 1886, Smith gave a fraudulent bill of sale of the property to one Leffets; that, on August 5, 1886, the defendant Redlich procured an attachment against Smith and seized the property, which was then in the possession of Leffets, which attachment was, on August 10, 1886, vacated. On August 9, 1886, a general assignment for the benefit of his creditors, without preferences, was executed by Smith, which was recorded on August 11, 1886, and on August twelfth Redlich and two others of the defendants obtained attachments against Smith, and thereunder seized the property in question and sold it.

*Held*, that the bill of sale to Leffets was not a bar to the assignee after the assignment was made.

That when the first attachment was vacated the title became that of the assignee, and the subsequent seizure thereof under valid process afforded no protection to the defendants.

That evidence showing that the assignment was made with the express object of anticipating a new levy by attachment, was no proof of fraud, nor was it evidence to show that any particular creditor assailed the attachment, or as to the action, or neglect to act, on the part of the assignee since the assignment.