IN THE MATTER OF THE PETITION OF BELLE E. GRANDIN AND OTHERS, TO COMPEL WILLIAM H. FENTON, AS THEIR SPECIAL GUARDIAN, TO RENDER AN ACCOUNT OF HIS PROCEEDINGS.

BELLE E. GRANDIN, AND OTHERS, RESPONDENTS, v. WILLIAM H. FENTON, AS SPECIAL GUARDIAN, APPELLANT.

61 219
4ap462
61 219
30ap215
61h 219
68 AD⁴161
61h 219
70 AD ¹404

*Sale of an infant's real estate — failure of the special guardian to pay over the proceeds to the infants — when the statute of limitations begins to run.*

One Fenton was appointed, in 1866, a special guardian of certain infants, in a proceeding to sell their real es ate, and by the final order therein was directed to invest the proceeds, less certain debts, upon real estate security, and to pay the principal to the infants as they severally reached majority. The youngest of the infants became of age in 1878.

Fenton never, in fact, received or invested the moneys, nor after the infants became of age did he, at any time, repudiate the trust, nor did he claim title to the proceeds in hostility to their rights.

In a proceeding begun by them in 1889 to enforce their claim:

*Held,* that the statute of limitations had not begun to run against the demand and that it was not a defense thereto.

That, in contemplation of law, the fund remained at all times invested as ordered and in a situation to be delivered to the infants, and that the guardian held it as trustee.

APPEAL by William H. Fenton, the former special guardian of Belle E. Grandin, Frank W. Blanchard (now Frank W. Brightman), and Addie J. Catlin (now Addie J. Frink), from an order entered in the office of the clerk of Chautauqua county, on the 2d day of February, 1891, confirming the report of a referee and directing the payment to said persons, by said William H. Fenton, of the sum of $2,423.82, with interest, and to their attorneys, their costs and disbursements.

This proceeding was begun in 1889.

*J. B. Fisher,* for the special guardian, appellant.

*A. C. Pickard,* for the petitioners, respondents.

MACOMBER, J. :

The facts in this case, as reported by the referee, and which stand substantially undisputed, are as follows : On the second Monday in January, 1866, Julia C. Carpenter, the mother of the petitioners, presented to the Supreme Court a petition, properly verified, pray-

ing for the sale of ten acres of land belonging to the infants, and the appointment of the appellant, William H. Fenton, as special guardian of the infants to represent them in the proceedings for the sale of the lands. One of the infants at that time was fourteen years of age, and the others were, respectively, eleven and nine years of age. The appellant was accordingly appointed special guardian, and required to give a bond in the penal sum of $2,500, with two sureties, to be approved by the court, for the faithful discharge of his duties as such special guardian. The matter, by the same order, was referred to a referee to examine into and report upon the facts stated in the petition. The bond required by the order was executed and filed. The referee reported in favor of the sale of the premises. This report was confirmed by the court at a subsequent term held on the fourth Tuesday of March, 1866, by an order which, among other things, directed the special guardian to execute a deed of the premises to the purchaser, which was accordingly done. The purchase-price was the sum of $1,500. Out of this amount the sum of thirty dollars was directed to be paid for costs, and $200 upon certain indebtedness to sundry creditors of the father of the infants through whom their title was derived. The order further directed that the special guardian invest the residue on real estate security with annual interest, the principal to be paid when the infants should arrive at the age of twenty-one years, respectively. The amount thus coming to the hands of the special guardian, after payment of the expenses and debts for investment, in pursuance of the order, was the sum of $930.07, as of the 11th day of June, 1866.

As a matter of fact, however, the special guardian never received any of the moneys arising from the sale, no part of which ever passed through his hands; he never invested any of the proceeds of the sale for the benefit of the infants or otherwise. He never gave any account of the disposition which he made of the $930.07, or any part thereof, or of the interest or income thereof which he was directed to do by the terms of the order, and he has paid to the infants no part thereof either of principal or interest. The referee further finds, that while the infants knew the fact that their father had owned these lands at the time of his death, and the same had been subsequently sold, they were not cognizant of their rights until three years before the reference was held.

The amount which the referee reported as the sum for which the appellant was liable to the infants was the sum of $930.07, with interest to the time of making the report, amounting in all to the sum of $2,423.82, without annual rests, and for such sum the order of the court holds the appellant liable and directs him to pay the same to the infants within twenty days after notice of the entry of the order, together with certain costs. No fact is found by the referee, nor is there any proof contained in the case to the effect, that the special guardian at any time after the infants arrived at their majority repudiated any trust or obligations which he owed to them respectively, nor is there any proof that any demand for an accounting was made by the infants until shortly before these proceedings were instituted.

The principal answer relied upon is the ten-year statute of limitations. The argument of the learned counsel for the appellant is, that the sum due each of the infants was payable at his or her majority, and that, consequently, the trust in each instance was terminated when the infant arrived at the age of twenty-one years; and from that time forward only the relations of debtor and creditor existed between the trustee and beneficiaries. Counsel, in support of this contention, calls attention to the case of *Witter* v. *Brewster* (12 Week. Dig., 358.) There is no disputing the fact, that the authority so cited, if correctly reported, holds in all material respects with the contention made by counsel. The court there decided, that in a proceeding for the partition of real estate, begun in the year 1862, the special guardian appointed in such proceedings who had been required to invest money for his wards and pay the same over to them respectively as they arrived at the age of twenty-one years, was not liable to them in any action or proceeding after the lapse of ten years from the time that each ward became of full age. The court there say: "The defendant had this money in his hands payable to plaintiff and her sister when they became of age respectively. The amount was fixed and determined. He had received it for them; it was his duty to provide for its payment and pay the same to them at their majority. That was the condition on which he received it. It became due at their majority and payable as effectually as a note so payable. His retaining the money after that time was a breach of his implied promise or undertaking.

His received it to be paid at a certain fixed time. After that time the defendant was the debtor of the plaintiff. He had no right to retain the money from plaintiff. He had no active duty to perform except to pay over. There was, therefore, no trust and no relation of trustee or *cestui que trust*. There was no subject for an accounting. It was a debt due."

With great deference to the court which rendered the foregoing decision, we are constrained to hold, in view of other cases of paramount authority, that the doctrine there stated cannot now successfully be maintained. We do not put our decision upon the ground that there is any difference in the obligations of the special guardian appointed in the case cited, and the obligations of this appellant in proceedings for the sale of the infants' real estate; for, in our judgment, the duties of the special guardian, in each instance, required of him a faithful performance of a trust imposed, and for the paying over, or the investment and accounting for all moneys which he should receive, according to the order of any court having authority to give direction in the premises, and for the observance of any order and direction of the court in relation to the trust. Such, in substance, was the condition of the bond which the guardian was required to enter into with sureties. The bonds, in the case cited and in the case now before us, were, in substance, the same, and the duties imposed by the order and by the acceptance of the trust were the same. No argument, therefore, based on a difference in the nature of the proceeding seems to us to be sound.

The appellant's obligation was to receive the money belonging to the infants and invest the same, and pay the income thereof in the manner stated, and the principal to the infants when they should become of full age. In *Matter of Camp* (50 Hun, 388), it was held, under this statute of limitations, that it was no defense, by a general guardian, to a petition for an accounting, that ten years had elapsed since, by the order appointing the guardian, he was required to turn the property over to the ward; and that, in contemplation of law, the fund remained at all times invested as was required by law, and in a situation to be delivered over, and that the guardian held as trustee for the infants only; and until he repudiated the trust, or in some way claimed title to the fund in defiance of it, there was no beginning of the running of the statute of limitations. In respect

to the statute of limitations this principle was affirmed by the Court of Appeals in *Matter of Camp* (126 N. Y., 377); see, also, *Boughton* v. *Flint* (74 id., 481); *Reitz* v. *Reitz* (80 id., 538); *Mabie* v. *Bailey* (95 id., 206); *Lammer* v. *Stoddard* (103 id, 672).

We are of the opinion, therefore, that, in the absence of any evidence that the special guardian in this instance had openly, and at the knowledge of the beneficiaries, renounced, disclaimed or repudiated the trust imposed upon him after his wards had, respectively, become of full age, the statute of limitations had not begun to run. We are unable to see that the arrival of the beneficiaries at the age of twenty-one years is, in and of itself, unaccompanied by any assertion of title in himself, a fact of any moment in measuring the obligation of the guardian.

It follows, therefore, that the order confirming the report of the referee must be upheld.

DWIGHT, P. J., concurred; LEWIS, J., not sitting.

Order appealed from affirmed, with costs.

