### DORMAN v. GANNON.

(Supreme Court, Appellate Division, Fourth Department. April, 1896.)

HUSBAND AND WIFE—SEPARATE MONEY OF WIFE—DEPOSIT WITH HUSBAND— STATUTE OF LIMITATIONS.

In an action by the administrator of a wife against the executor of her husband, who survived her, it was shown that the wife sold real estate, which was her sole property, and paid over the proceeds to her husband. There was also evidence of a number of statements made by the husband, both before and after the death of his wife, to the effect that she had given him the money to take care of for her, and it did not appear that she had ever demanded its return. *Held*, that a finding of the trial court that the husband held the money as a deposit, payable on demand, which was recoverable, though 25 years had elapsed since its receipt, would not be disturbed.

Appeal from special term, Steuben county.

Action by Frank Dorman, as administrator of the estate of Adaline Dorman, deceased, against Stephen Gannon, as executor of the will of Stephen Dorman, deceased. Judgment for plaintiff, and defendant appeals. Affirmed.

On the 7th of September, 1867, Adaline Dorman was the owner and in possession of certain lands in Bath, Steuben county, which were conveyed by a deed to John L. Dorman, in consideration of the sum of $2,800 by him paid to her; she then being sole owner of the property conveyed, and the wife of Stephen Dorman. The court found "that said Adaline Dorman then and there deposited the said moneys in the hands of Stephen Dorman, her husband, to be kept by him for her, as a deposit, until she should demand the same; that he took and kept the said moneys from that time until the time of his death, for her, and held the same as a deposit for her during all of that time, to be paid to her upon her demand." She died on the 14th day of November, 1890, "and never made any demand upon said Stephen Dorman for said moneys, or any part thereof." On the 6th day of November, 1893, the plaintiff was appointed her administrator. On the 21st day of December, 1892, Stephen Dorman died, leaving a last will and testament, which was probated, and letters testamentary were issued to the defendant. The court found, as conclusion

of law, that the plaintiff, as administrator of the estate of Adaline Dorman, "is entitled to recover against the defendant, as executor of the last will and testament of Stephen Dorman, deceased, the sum of twenty-eight hundred dollars, with interest thereon from the 9th day of December, 1893, amounting to $217.82, * * * to be levied and collected of the goods, chattels, and credits of said Stephen Dorman, deceased." Upon that decision judgment was entered, and the defendant appealed therefrom, and filed exceptions to the second and third findings of fact, and to the conclusion of law. At the close of the plaintiff's evidence the defendant moved for a nonsuit on the grounds "(1) that the plaintiff has failed to make out a cause of action; (2) that the claim of the plaintiff is barred by the statute of limitations; (3) that more than twenty years having elapsed since the cause of action accrued, the same is deemed to be paid, as matter of law." The motion was denied, and an exception was taken. At the close of the whole evidence the motion was renewed on the same grounds, and denied, and the defendant excepted.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

C. F. Kingsley, for appellant.
J. F. Parkhurst, for respondent.

HARDIN, P. J. Plaintiff produced in evidence a deed executed by Stephen and Adaline Dorman to John L. Dorman, dated September 7, 1867, which conveyed some 87 acres of land, for the consideration of $2,800. Plaintiff then called eight witnesses whose testimony reveals very clearly the fact that Stephen received the $2,800 of money which belonged to his wife; and it tended strongly to support the findings of fact made by the trial judge, to the effect that Adaline deposited the moneys in the hands of her husband, Stephen, to be kept by him for her, as a deposit, until she should demand the same, and that he kept the moneys "from that time until the time of his death, for her, and held the same as a deposit for her during all of that time, to be paid to her upon her demand." The only evidence given by the defendant bearing upon the question of fact consisted of a statement made by Cress to the effect that in 1868 he called at Dorman's house, and wanted to sell a note. "She [Adaline] said that her husband had her money, and was doing with it as he saw fit; would probably buy the note." The declarations and statements made by Stephen Dorman occurred during a period of several years, and commenced shortly after he received the money, and were made at intervals. One of the statements made by Stephen was to Christler, "on Monday or Tuesday, as he died on the following Friday. The conversation was at his house." The witness said:

"Then he went on, and told me about the $2,800 of his wife's money,—he had taken it to keep for her; that is, the same as though she wasn't capable of taking care of it herself. That was the substance of it. He said, by G——d, she wasn't capable of taking care of it herself, and he was taking care of it for her. I had another conversation about two years before the one spoken of, at the sawmill; Eckles, one of the men, being present. He said he had twenty-eight hundred dollars of his wife's money, and he was taking care of it for her; that she was not capable of taking care of it herself."

After applying to the evidence the scrutiny rule laid down in Van Slooten v. Wheeler, 140 N. Y. 624, 35 N. E. 583, to the effect that "public policy requires that claims against the estates of the dead should be established by very satisfactory evidence, and the courts

should see to it that such estates are fairly protected against unfounded and rapacious raids," it is difficult to resist the conclusion that the evidence given by the plaintiff tends strongly to support the essential findings of fact made by the trial court.    In the case from which we have just quoted, comment was made upon the testimony of Maurer, and it was said:

"The evidence of this witness was somewhat confused, and his statement about the check was drawn out by plaintiff's counsel only after the form of his questions had drawn his mind to what he wanted. \* \* \* This was a casual conversation about a matter in which he had no interest. Such evidence of distant conversations has always been regarded as the most unsatisfactory and unreliable evidence."

The comments made as to that witness cannot reasonably be applied to all of the numerous declarations found in the appeal book before us.    Accepting the findings of fact made by the trial court as evincing a reasonable interpretation of the evidence offered by the plaintiff, the case seems to fall within the line of authorities that support the right of recovery notwithstanding the statute of limitations.    In Payne v. Gardiner, 29 N. Y. 146–168, a deposit was clearly defined, and a quotation was made with approval from Pothier, viz.:

"When a man deposits money in the hands of another, to be kept for his use, the possession of the custodian ought to be deemed the possession of the owner until an application and refusal, or other denial of the right; for until then there is nothing adverse, and I conceive that, upon principle, no action should be allowed in these cases without a previous demand,—consequently, that no limitation should be computed further back than such demand."

The learned judge who delivered the opinion in the case from which we have quoted said:

"A distinction exists between a mere loan and a deposit.    They are governed by different rules; and in the absence of any legislative prohibition, or of any rule of public policy, parties should be permitted to take upon themselves the obligations of either form of contract which they deem proper, and the law should give effect to their intentions, when ascertained."

That case was cited with approval by Rapallo, J., in Boughton v. Flint, 74 N. Y. 482.    In that case it was insisted that the statute of limitations applied to an item of $800, and that learned judge said:

"More than six years had elapsed from the time of the receipt of the money by the testator to the time of his death, but there was no evidence that the money had ever been demanded of him, or that he refused to pay it over, or laid any claim to it hostile to that of his wife.    We think that the transaction amounted to a simple deposit, upon which the statute would not begin to run until a demand and refusal to pay, or some equivalent act.    The money was not loaned to the testator at his request, but was being kept by him for his wife at her request; and he was not in default in not paying it over until she should demand it, as he was requested to keep it until then.    Payne v. Gardiner, 29 N. Y. 146."

Payne v. Gardiner, supra, was again approved in Smiley v. Fry, 100 N. Y. 265, 3 N. E. 186.    In that case $4,000 had been received, "returnable on demand"; and the court held that it was in the nature of a certificate of deposit, and that "no cause of action arose thereon until a demand was made for the sum deposited."    And in

the course of the opinion delivered, approving Payne v. Gardiner, supra, an approval was also given to Howell v. Adams, 68 N. Y. 314, and Boughton v. Flint, 74 N. Y. 476. In Re Grandin, 61 Hun, 219, 15 N. Y. Supp. 946, it appeared that certain funds were held by a trustee, and it was said that "until he repudiated the trust, or in some way claimed title to the fund in defiance of it, there was no beginning of the running of the statute of limitations." A somewhat similar question was involved in the case of In re Camp, 126 N. Y. 377, 27 N. E. 799, and it was held that the statute of limitations was not a bar to proceedings requiring the party to act. In Re Wiltsie, 12 N. Y. St. Rep. 144, "certain moneys were not loaned to Wiltsie, but deposited with him," and it was said, "He was the custodian of her funds,—her depositary,—and 'was to make over to her mortgages, when she demanded it done. * * *'" And it was said the statute would not commence to run against her until he had refused to perform his part of the agreement. Appellant calls our attention to Mills v. Mills, 115 N. Y. 80, 21 N. E. 714; and in that case it was said that where one receives money for the use of another, "under such circumstances that it is the duty of the former to pay it over, an action for money had and received may be brought to recover it, without a demand, and the statute of limitations begins to run from the day of the receipt of the money." And of the party who had received the moneys it was said: "It was his duty at once to pay them over, and, upon his failure to do so, he was liable without demand. That, therefore, the six-years statute of limitations applied (Code Civ. Proc. § 382), and the action was barred." We are of the opinion that the case does not come up to the contention of the appellant. According to the evidence upon which the trial court has acted, there was no duty resting upon the testator to pay over the money without a demand made by his wife, if the money was received under the circumstances disclosed by the numerous declarations made by the testator. In Sheldon v. Sheldon, 133 N. Y. 1, 30 N. E. 730, in the opinion delivered, the question now presented to us was under consideration, and it was said, "The only question that is open for consideration in this court is whether this important part of the finding is based upon evidence;" and the court, after an extensive review of the evidence delivered in that case, said that it did not prove the important fact "with respect to the specific $768," which was the consideration for a deed executed by the husband and wife, and the money paid to the husband. In that case there was evidence that a settlement had taken place between the parties, and there was also some evidence to the effect that the plaintiff had received a payment by way of a mortgage; and, upon an extensive review of the evidence, it was held not to be sufficient to support the findings that were challenged. Appellant calls attention to Wood v. Young, 141 N. Y. 211, 36 N. E. 193. In that case the plaintiff demanded the sum of $500, and the statute of limitations was interposed as a defense. The plaintiff had insured her husband's life for $5,000, payable to her upon his death, and he died in 1876,

and proofs of death were filed; and the plaintiff executed a power of attorney authorizing the defendant's testator to receive from the company the moneys due her upon the policy, and they were actually paid to him, and the plaintiff "supposed and believed that her brother had collected and received the money more than ten years prior to the presentation of her claim." The learned judge says:

"The law imposed upon him the obligation to pay it over to the plaintiff as soon as received, or at least within a reasonable time. There was nothing in the circumstances under which the money came to the hands of the testator from which the right or duty can be implied to hold it until actually called for by the owner. The obligation of the party who has received the money in such cases to pay it over, and his liability in an action to recover the same, without any demand before suit, has been firmly settled by a long line of cases that cannot be distinguished from this by any sound distinction." See cases cited in the opinion.

Appellant calls our attention to In re Neilley, 95 N. Y. 383. In the course of the opinion it was said:

"Here was no actual deposit. The origin of the transaction was an admitted indebtedness from Alexander Waldron to Sarah Byron, which was actually due in 1828."

The case differs quite essentially from the one at bar.

Evidently the trial judge saw nothing in the appearance or demeanor or statements of the witnesses authorizing him to discredit their statements, and an inspection of the record has not produced an impression that they falsified. On the contrary, the impression seems to be warranted that the finding of fact is in accordance with the truth of the case as presented by the evidence in behalf of the plaintiff.

Judgment affirmed, with costs. All concur.