(9 App. Div. 365.)

## BAKER v. LELAND et al.

(Supreme Court, Appellate Division, Fourth Department. October 16, 1896.)

LIMITATION OF ACTIONS—ACCRUAL OF CAUSE OF ACTION—PROMISSORY NOTE.

A writing which states that plaintiff has "deposited in this [defendants'] bank $200, payable to the order of himself, three months after date, in current funds, on the return of this certificate, properly indorsed, and shall receive interest at the rate of seven per cent. per annum," is a promissory note, and not a certificate of deposit, and the statute of limitations begins to run against it three months after its date. Howell v. Adams, 68 N. Y. 314, distinguished.

Appeal from circuit court, Monroe county.

Action by Albert A. Baker against William O. Leland and others on a promissory note. From an order dismissing the complaint, plaintiff appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

J. H. Hill, for appellant.
W. H. Ticknor, for respondents.

WARD, J. The 1st of June, 1892, the plaintiff commenced this action against the defendants, who were bankers transacting business at Springville, N. Y., to recover upon an instrument in writing, of which the following is a copy:

"Certificate of Deposit.

"$200 Dolls.         Springville, N. Y., June 11, 1875.

"Mr. Luzern Eaton has deposited in this bank two hundred dollars, payable to the order of himself, 3 mos. after date, in current funds, on return of this certificate, properly indorsed, and shall receive interest at the rate of 7 per cent. per annum if left —— months from date.

  "[Signed]          E. O. Leland, Cashier.

"No. 2092. $200."

The defendants, among other defenses, alleged in their answer "that at the time this action was commenced more than six years had elapsed since the cause of action set forth in the complaint accrued." The cause of action had been assigned by Eaton to plaintiff. No demand was made upon the defendants for the payment of the certificate until the spring of 1892, when the plaintiff presented the certificate to the defendants, and demanded payment, which was refused. No part of the amount evidenced by the certificate has been paid. The trial court held the statute a bar to the action, and dismissed the complaint. The question before us is whether the conclusion of the trial court can be sustained. The appellant claims that the instrument above set forth is a certificate of deposit simply, and a demand of payment thereof was necessary before the statute of limitations would commence to run against it. The respondents claim that the instrument sued upon is, in effect, a promissory note, that became due, by its terms, three months after its date; and that the statute of limitations commenced to run at the expiration of the said three months. It is well settled in this state that in a deposit of money, evidenced by the ordinary certificate, which simply acknowledges a deposit, a demand is necessary before action brought, and that the statute of limitations does not commence to run until such demand is made. Payne v. Gardiner, 29 N. Y. 146; Downes v. Bank, 6 Hill, 297; Howell v. Adams, 68 N. Y. 314; Dorman v. Gannon, 4 App. Div. 458, 38 N. Y. Supp. 659, and cases cited. The banks, in case of an ordinary deposit, are simply the custodians of the money, subject to the demand of the owner of the fund. But the instrument we are considering in this case contains the elements of a promissory note, and is a very different instrument from the ordinary certificate of deposit. Blackstone defines a promissory note to be "a plain and direct engagement in writing to pay a sum specified at a time therein limited, to a person therein named, or sometimes to his order, or often to the bearer at large." 2 Bl. Comm. 467. Kent defines it to be "a written promise by one person to another for the payment of money absolutely at a specified time, and at all events." 3 Kent, Comm. 74. Chitty defines it to be "a promise or engagement in writing to pay a specified sum at a time therein limited, or on demand, or at sight to a person therein named, or his order or to the bearer." Chit. Bills, p. 17. Our Revised Statutes (section 1, pt. 2, p. 768)

sanction the correctness of these definitions. In Hunt v. Divine, 37 Ill. 137, the action was upon a certificate, which was as follows:

"Banking House of E. T. Hunt & Co.

"Sycamore, Ill., March 9, 1861.

"C. M. Chase, Esq., has deposited in this bank two hundred and eighty dollars and fifty cents in currency, subject to the order of himself, and payable in like funds on return of this certificate, three months after date.

"[Signed]                                             E. T. Hunt & Co."

Indorsed: "C. M. Chase."

This instrument, it will be observed, is to the same effect, and nearly in the same language, as the one in the case before us. The Illinois supreme court held that the instrument in that case was a promissory note, governed by the rules and principles applicable to that class of paper. And the court says, at page 144, in commenting upon the effect of the statement that the certificate was payable upon the return thereof, that those words did not change the legal effect of the undertaking, and adds:

"In every promissory note there is an implied undertaking by the payee or holder to return it to the maker on payment of the money. An express undertaking to return it could have no greater force, nor could it change or modify the legal effect of the instrument. All that the maker can demand is that he shall be protected against the reappearance of the instrument, and against another recovery upon it. This is effectually accomplished by producing the instrument on the trial for cancellation, if need be,"—citing Edw. Bills & N. 295, and Story, Prom. Notes, § 107.

We concur in this conclusion.

In Miller v. Austen, 13 How. 218, the supreme court of the United States held, in effect, that an instrument like the one in the case at bar was a negotiable promissory note. The instrument in this case has the elements of a promissory note. It contains an absolute promise to pay the amount specified therein at a certain time (three months from date), and this instrument is clearly taken out of that class of instruments which are recognized as ordinary certificates of deposit. A direct authority for the position here assumed is Bank v. Merrill, 2 Hill, 295, where the Clinton Bank issued a certificate of deposit payable to the order of S. Benedict, at six months, with interest, of which the plaintiff was indorsee. The court in that case held the instrument was, in effect, a negotiable promissory note.

The appellant seems to rely upon Howell v. Adams, 68 N. Y., supra, where the certificates of deposit provided that, if the money remained on deposit six months, interest would be paid at 5 per cent. per annum. In all other respects the certificates were in the ordinary form. Judge Andrews says, at page 321, that within the cases of Downes v. Bank and Payne v. Gardiner, supra, and in accordance with the general understanding of the commercial community, the bank would not be liable to its depositor except upon demand. That case is plainly distinguishable from the one at bar, because the certificates there contained no promise to pay either principal or interest, except interest would be paid upon the contingency of the money remaining for six months.

We are of the opinion, both upon principle and authority, that the contention of the respondent here must be sustained, and we must hold that the cause of action set forth in the complaint of this action is barred by the statute of limitations, and the judgment should be affirmed. All concur.