## In re TAYLOR'S ESTATE.

(Supreme Court, Appellate Division, Second Department. May 7, 1898.)

LIMITATIONS—ACCOUNTING BY EXECUTOR.

Where an administrator is shown to have received funds of the estate, the statute of limitations does not begin to run as against a proceeding by a receiver appointed in proceedings supplementary to execution under a judgment recovered against an heir and next of kin of the decedent, to compel the administrator to account, until he has his account judicially settled.

Appeal from surrogate's court, Orange county.

In the matter of the judicial settlement of the estate of Delos L. Taylor, Adelia A. Taylor, administratrix, appeals from an order requiring her to account. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

F. A. Taylor, for appellant.
William Vanamee, for respondent.

GOODRICH, P. J. Delos L. Taylor died in Orange county, on November 2, 1888, and his widow, Adelia A. Taylor, on November 10, 1888, was appointed administratrix of his estate. She has never made any final accounting of her proceedings as such administratrix. On May 8, 1894, Elias Deemer recovered a judgment against William W. Taylor, one of the next of kin and heirs at law of the deceased, and under that judgment, on July 20, 1897, A. V. N. Powelson was appointed receiver in supplementary proceedings, and he qualified as such. He afterwards presented to the surrogate of Orange county a petition dated July 29, 1897, praying that a citation be issued requiring Mrs. Taylor to render an account of her proceedings as administratrix, and pay to the receiver any amount which might be found in her hands due from the estate to William W. Taylor. The administratrix appeared, and set up the statute of limitations as a bar and defense to the proceedings. The court ordered the administratrix to render her account as administratrix, and from this order the appeal is taken.

The record contains an inventory by the administratrix, which is stated to have been duly filed in the office of the surrogate, but the time of such filing does not appear, nor that any proceedings were had thereon. This inventory shows that the administratrix has received cash assets of the estate, amounting to $5,539.58. The petition alleges that no judicial settlement of the trust has been had, and this is not denied by the answer. The question is thus presented whether the statute of limitations bars the present proceeding. In Re Van Dyke, 44 Hun, 394, the general term of the First department, by a divided court, held that the statute of limitations had run against a similar application. That decision was based upon section 1819 of the Code of Civil Procedure, which reads as follows:

"If, after the expiration of one year from the granting of letters testamentary or letters of administration, an executor or administrator refuses, upon demand, to pay a legacy, or distributive share, the person entitled thereto may maintain such an action against him, as the case requires. But for the purpose of computing the time, within which such an action must be commenced, the cause of action is deemed to accrue, when the executor's or administrator's account is judicially settled, and not before."

The court held that this section applied only to an action, and not to a special proceeding. But section 414 provides as follows:

"The provisions of this chapter [referring to chapter 4, entitled 'Limitation of the Time of Enforcing a Civil Remedy'] apply and constitute the only rules of limitation applicable to a civil action or special proceeding. * * *"

Section 382 of the Code, contained in chapter 4, declares the limitation of six years to be applicable to "an action upon a contract obligation or liability, express or implied." It is evident that a very important feature which is presented to our consideration on the present appeal was not one of the elements in the Van Dyke Case, supra. It nowhere appeared there, as it does here, that the administratrix had received any funds on account of the estate. We do not deem

it necessary to consider further the doctrine announced by the learned general term of the First department, as the present case is differentiated from that case by the very important fact that it here appears that funds have come into the hands of the administratrix for which she has never accounted. Until she has done so by legal proceeding, or until she has publicly and officially renounced her trust, it cannot be affirmed that a period has been fixed so as to set in operation the statute of limitations. In re Grandin, 61 Hun, 219, 15 N. Y. Supp. 946, was an appeal to the general term of the Fifth department from an order directing the payment of certain sums by a special guardian to his cestui que trust; and the court—Macomber, J., writing—held that the statute of limitations does not run in such a case. The court recognized the principle stated in the Camp Case, 126 N. Y. 377, 27 N. E. 799, that the statute of limitations did not commence to run until the final accounting and the termination of the trustee's liability. In Re Camp, 126 N. Y. 377, 27 N. E. 799, a citation was issued requiring the surrogate of Kings county to render and settle his account as guardian of an infant who became of age in 1872. The proceedings for an accounting were instituted in 1888, and the court held that the statute of limitations was not a bar to the proceedings. The court—Peckham, J., writing—held (page 389, 126 N. Y., and page 803, 27 N. E.):

"The guardian has obtained possession of the fund as guardian, and he deals with it not alone in his own right as life tenant in this case, but he also deals with it as the property of others confided to his care. In this sense he occupies the position of a trustee so far as to prevent the running of any statute of limitation in his favor regarding the property intrusted to him. Although he may cease to be guardian upon the ward coming of age, yet, so long as the property remains in his possession as guardian, and unaccounted for, he must remain liable to account. This is no hardship upon the guardian, nor can it be the means of sustaining stale claims against him as such. The moment the ward arrives of age he may cite the guardian to account; and now, by the Code of Civil Procedure (section 2849), following the provisions of the Revised Statutes (volume 2, p. 152, § 12), the guardian may, in any case where a petition for an accounting may be presented by any other person, present one in his own behalf, and an accounting may then be had. Thus either party may claim an accounting the moment the ward attains his majority."

Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643, was a proceeding against an executor to compel the sale of real estate. This was not a case to compel an executrix to account, but a proceeding to compel an executrix to execute a power of sale, and acquire funds to pay legatees and creditors; and the court held that the statute of limitations had run against such a proceeding. It will be observed that in this case there was no continuing trust to be accounted for. The proceeding was based upon the claim that the executrix had neglected a duty to reduce trust funds to her possession, and such proceeding, the court held, was barred by the statute of limitations. This decision does not seem to control a case where a trustee has received, and has not accounted for, a trust fund remaining in his possession, in which case his liability, as trustee, to account for the funds in his possession, is governed by the rules which render him, as the trustee of a continuing trust, liable to be called to account until, by some overt act brought to the knowledge of the parties interested in the estate,

he has devested himself of the trust, and closed his connection there-
with, which is the principle laid down in the Camp Case, supra, and
upon which it was decided. The record on this proceeding shows
that the administratrix has received cash assets for which she has not
accounted, and, until she has accounted for these, the statute does not
begin to run. No such accounting has ever been filed, and the stat-
ute has not, therefore, commenced to run, even at the present time.
This view is strengthened by the fact that the opinions in both the
cases referred to were written by the same learned judge, who evi-
dently saw no inconsistency in the two decisions. It will also be
observed that the decision in the Camp Case was delivered subse-
quent to that of the Van Dyke Case, and, while the Camp opinion
does not refer to the Van Dyke opinion, we can hardly suppose that
the latter was not brought to the attention of the court of appeals.
At any rate, the Camp Case must control our decision. We are also
cited to the opinion of the learned surrogate of Chautauqua county
in Re Miller's Estate, 15 Misc. Rep. 556, 37 N. Y. Supp. 1129, in
which he holds that the six-year limitation provided by section 382
of the Code of Civil Procedure applies to a proceeding of this charac-
ter. A careful study of his opinion does not change our views. We
think the order of the surrogate should be affirmed, with costs and dis-
bursements. All concur.