(58 Misc. Rep. 86.)

### MANAHAN v. HOLMES.

(Supreme Court, Trial Term, Saratoga County. February, 1908.)

1. TRUSTS—PURCHASE BY GUARDIAN—TITLE IN THIRD PERSON—RIGHTS OF
   WARD.

   A guardian purchased with his ward's money certain real estate, and
   took title in the name of the guardian's mother with her consent and un-
   der an understanding that the deed should be executed to her for the in-
   fant. The grandmother died without having conveyed the premises, and
   six years later the infant became of age and occupied the premises, and
   rented them and paid the taxes. After he had been of age three years
   he sold the premises, and then discovered that the title was not in him.
   *Held*, that a suit by him to establish a trust in the premises, he not hav-
   ing consented to nor having had knowledge of the transaction, would
   lie; and that Laws 1896, c. 547, p. 571, § 74, subd. 1, providing that a
   grant of real property to one person, the consideration being paid by an-
   other, vests the title in the grantee, and that no trust results unless the
   grantee takes the title with the knowledge of the person paying the con-
   sideration or in violation of some trust, does not apply.

2. LIMITATION OF ACTIONS—TITLE TO REALTY—RUNNING OF STATUTE.

   Limitations do not begin to run where a guardian of a ward purchases
   property for him, and has title taken in the name of a third person until
   the ward has knowledge that the deed was taken in the name of another.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Ac-
   tions, §§ 494–510.]

Action by John H. Manahan against John M. Holmes to compel
the determination of a claim to real estate. Judgment for plaintiff.

Fitzpatrick, Whitbeck & Haner, for plaintiff.
James A. Leary, for defendant.

VAN KIRK, J. In 1888 the plaintiff was a minor nine years of age.
At that time Frances A. Holmes, a sister of his deceased mother, was
his guardian, and had as such guardian $1,750 which belonged to the
infant. On March 17, 1888, without the knowledge or consent of
the infant, Frances A. Holmes, as guardian, purchased with the ward's
money the premises in question for the sum of $1,800, the $50 above
the $1,750 being given by the guardian to the ward at that time. Be-
cause the guardian was informed by her attorney that she could not
purchase the real estate in the name of the infant, the deed was taken
in the name of Margaret M. Holmes, the mother of the guardian and
the grandmother of the ward. The deed, absolute on its face, was

taken in the name of Margaret M. Holmes with her knowledge and consent that it should be executed in her name as grantee, but that the conveyance was for this plaintiff. About eight months after the execution of the deed, Margaret M. Holmes died without having conveyed these premises. In 1904 the plaintiff had secured employment in the New York State Library. Since that time he has occupied these premises, paid the taxes and insurance, kept them in repair, and rented them. In 1907 he contracted to sell the premises, and then, upon examination of the title, for the first time discovered that the premises did not stand in his name, and for the first time discovered the circumstances under which the deed was given. There never has been any claim of title to the premises adverse to the plaintiff until in or about 1907. Then the plaintiff attempted to secure quit claim deeds from the heirs at law of Margaret M. Holmes, which deeds have been executed and delivered to the plaintiff by the heirs at law of Margaret M. Holmes (including the guardian), except this defendant, who as her heir at law would take one-fifth interest in the premises, if she were the owner of the property at the time of her death. Shortly after the execution of the deed and under the advice of counsel that she should have some means of accounting for the property of the infant, the guardian took a mortgage upon the premises in question from Margaret M. Holmes for $1,750. This mortgage having been taken without the knowledge of the infant and no claim ever having been made thereunder, and the purpose of the mortgage being simply to allow her to keep her accounts in form, I do not consider it of any importance in the case.

This defendant claims a one-fifth interest in the premises, but he has never invested a penny in, nor been in possession of, the premises directly or indirectly. Margaret M. Holmes, his mother, never invested a penny in, or was in possession of, the premises directly or indirectly, although for a considerable time the grandmother and members of her family enjoyed the use of the plaintiff's premises without expense to them. There is no single element in the case appealing to the court to protect any interest in this defendant in the premises, for he has none and never had any. But he claims that, when the premises were deeded to his mother, no trust resulted in favor of the plaintiff; that the premises became the property of Margaret M. Holmes, defendant's mother, under section 74, subd. 1, Real Property Law (Law 1896, p. 571, c. 547) which reads as follows:

"A grant of real property for a valuable consideration to one person, the consideration being paid by another  *  *  *  vests the title in the grantee, and no use or trust results from the payment to the person paying the consideration or in his favor, unless the grantee either:

"(1) Takes the same as an absolute conveyance in his own name without the consent or knowledge of the person paying the consideration; or

"(2) In violation of some trust, purchases the property so conveyed with money or property belonging to another."

This provision of the statute does not defeat the plaintiff's title. The conveyance to Margaret M. Holmes was absolute on its face; but it was without the knowledge or consent of the plaintiff, who in fact paid the consideration, although the manual delivery of the mon-

ey was by hand of his guardian. At common law a trust would have resulted in favor of the plaintiff, and he would have become the absolute owner in fee of the premises. Foote v. Bryant, 47 N. Y. 547; Siemon v. Schurck, 29 N. Y. 598; Reitz v. Reitz, 80 N. Y. 538–542; Western Union Telegraph Co. v. Shepard, 169 N. Y. 170, 181, 62 N. E. 154, 58 L. R. A. 115. The guardian of the plaintiff had no authority to invest the personal property of the infant in real estate without an order of the Supreme Court. Matter of Bolton, 159 N. Y. 129, 53 N. E. 756. On acccount of the needs of the family, however, the guardian of this plaintiff desired to purchase the premises in question, and intended, without question, in good faith to protect the interests of the ward. The premises in question were paid for entirely by the money belonging to the minor, and the court should protect the interests of its ward. The statute was intended to prevent fraud by means of a secret trust sought to be made for the benefit of the one paying the money. It was not intended to be the instrument for defrauding an innocent ward of his property. To establish the resulting trust it was only necessary to show that the money of the ward of nine years paid for the property, but the deed, absolute on its face, was taken in the name of another. That this ward did not give consent to or have knowledge of the transaction is presumed. The necessary proof was made and the premises in question belong to the plaintiff.

The defendant urges that the claim of this plaintiff cannot be enforced against the defendant because of the statute of limitations; and he cites particularly paragraph 410 of the Code of Civil Procedure, to the effect that, where a right exists, but a demand is necessary to entitle a person to maintain an action, the time within which the action must be commenced must be computed from the time when the right to make the demand is complete. In 1888, when the deed to Margaret M. Holmes was executed, the plaintiff was nine years of age, but he had no knowledge then that the title of these premises was not in himself. The plaintiff had no means of knowing that the title of the premises was not in his own name until after 1901, when he became of age, and began to manage the property. No cause of action accrued to the plaintiff until he knew that the deed had been taken in the name of another. He had occupied the premises, rented them, paid the insurance and taxes from the time he came of age or soon thereafter. During all this time no one disputed his title and right, and he believed the title stood in his name. Not until he had contracted to sell the premises did he discover the contrary. The 10-year statute of limitations would apply in this case, and it had not run after the cause of action in favor of the plaintiff accrued. Reitz v. Reitz, 80 N. Y. 538, 544.

The plaintiff is entitled to the relief demanded in the complaint, and findings and decision in accordance therewith may be presented. Judgment accordingly.