1. BILLS AND NOTES (§§ 42, 64*)—NEGOTIABILITY—CERTIFICATE OF DEPOSIT—"PROMISSORY NOTE."

A certificate of deposit in a bank is a "promissory note," with all its attributes, and is of the class of instruments which Negotiable Instruments Law (Consol. Laws 1909, c. 38) § 35, declares that the delivery either by the party making or indorsing them may be shown to have been conditional or for a special purpose, and not for the purpose of transferring property therein.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 62, 104; Dec. Dig. §§ 42, 64.*

For other definitions, see Words and Phrases, vol. 6, pp. 5676–5681; vol. 8, p. 7767.]

2. WILLS (§ 566*)—CONSTRUCTION—PROPERTY BEQUEATHED.

Where an executrix delivered to a savings bank the day before her decedent's death a certificate of deposit indorsed by the latter for $1,000, payable to the order of decedent on its return properly indorsed to the national bank from which she received it, and, within a week after her death, the savings bank, on being informed by the executrix that the certificate had been paid, opened an account in the name of the

---

decedent in trust for the executrix, a legacy of $500, payable exclusively out of any funds testator might have on deposit, is payable by the executrix, whether the legacy be specific or demonstrative.

·  ·  [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1238½, 1239; Dec. Dig. § 566.*]

Judicial settlement of the account of Eva Maud Marine, as executrix of the estate of Mary Cruikshank, deceased. Decree entered.

William Drennan, of Brooklyn, for executrix.

Hastings & Larkin, of Olean (Neal D. Becker, of New York City, of counsel), for legatee Charles H. Schambacher.

KETCHAM, S. The will under which accounting is made contains this paragraph:

"Second. I give and bequeath to Charles H. Schambacher, the sum of five hundred dollars, payable exclusively out of any funds I may have on deposit in any bank in Friendship, New York."

The stipulation upon which the matter is submitted contains the following facts: May 16, 1910, the decedent deposited in the First National Bank of Friendship, in the village of Friendship, N. Y., $1,000, for which she then received from the bank a certificate of deposit for $1,000, "payable * * * to the order of herself on return of this certificate properly endorsed." Thereafter, during the lifetime of the decedent, the deposit and the certificate remained without change unless the change were effected by the following transaction:

October 7, 1910, said certificate of deposit was delivered by the present accountant to the Williamsburgh Savings Bank of Brooklyn, indorsed by the decedent. On the same day the bank last named indorsed the certificate and delivered it to another bank.

· On October 8, 1910, the decedent died.

On October 13, 1910, the savings bank was informed by its indorsee that the certificate had been paid, and on the same day the savings bank opened an account in the name of "Mary Cruikshank in trust for Eva Maud Marine."

The $1,000 was credited on the records of the Friendship bank to the account of Mary Cruikshank, and so remained until October 10, 1910, when the certificate of deposit was paid.

The question is presented whether or not the legacy of $500 to Charles H. Schambacher is now payable by the accountant.

[1] The certificate of deposit was a promissory note, with all its attributes. Baker v. Leland, 9 App. Div. 365, 41 N. Y. Supp. 399, and cases cited; Hanna v. Manufacturers' Trust Company, 104 App. Div. 90, 93 N. Y. Supp. 304. It was of the class of instruments of which the statute declares that the delivery, either by the party making or indorsing, "may be shown to have been conditional or for a special purpose and not for the purpose of transferring the property in the instrument." Neg. Inst. Law (Consol. Laws 1909, c. 38) § 35.

[2] It is made certain by the stipulation that the certificate was indorsed by the decedent to the savings bank and was received by the latter with the mutual understanding that the paper was put into the

possession of the bank for the special purpose of collection and not for the purpose of transferring the property in the instrument. Bank of America v. Waydell, 187 N. Y. 115, 79 N. E. 857. The case cited is none the less parallel because the bank-indorsee, which was there found to be merely the collecting agent, was the direct indorsee of a prior collecting agent, while in the case at bar the savings bank took directly by the indorsement of the actual owner of the instrument.

The intervention of the person who delivered the certificate to the savings bank alters nothing. She had no property in the paper or the fund which it represented. Any consummated interest therein is forbidden her by the fact that the decedent, throughout the brief remainder of her life, intended no more for the benefit of the accountant than the creation of a trust to come into existence only when the fund covered by the certificate should reach the savings bank.

This question must not be confused by the citation of authorities in which it is said that for the purpose of a gift the mere delivery of any instrument for the payment of money is effectual, even though such instrument is by its nature transferable by indorsement and is not indorsed. The rules, under which a symbolical delivery for the purpose of a gift may be recognized, have nothing to do with the question whether or not the deposit in the Friendship bank remained there when the decedent died. But in this case there was no gift by the decedent nor intention to give. The former is excluded by the absence of any delivery whatever to the accountant which could bear the similitude of an intention to invest the accountant with the present ownership of the fund.

That the instrument was "delivered" to her is admitted, but it is plain that such "delivery" was merely for the purpose of transportation to the savings bank. Intention to make a gift, either present or future, is made impossible by the evidence that the decedent only contemplated a trust which would leave the legal ownership of the fund in herself and that even such trust was never created by her. She, while endeavoring to open an account in which she would remain primarily the owner of the fund however burdened by a trust, could not be engaged at the same time in making a gift of the same fund.

If, then, the decedent at her death remained the owner of the fund, and the fund was unchanged, either in its location or its legal or equitable ownership, she had when she died funds on deposit in a bank in Friendship, N. Y., and the legacy contained in the second paragraph of her will is payable whether it be called specific or demonstrative.

Decreed accordingly.