### DUNWORTH v. DUNWORTH.

*(Supreme Court, General Term, Second Department.* February 11, 1891.)

REFORMATION OF DEEDS—MISTAKE IN GRANTEE'S NAME.

> In an action to reform a deed by inserting plaintiff's name as grantee therein, it appeared that plaintiff and her husband sold certain parcels of land owned by them separately, taking a mortgage to secure the purchase money. The mortgage was foreclosed, and the property bid in for plaintiff by her attorney, but the deed was given to the husband alone, without the knowledge or assent of plaintiff, who was sick at the time, or her attorney. The husband kept the deed for about four years before he had it recorded, and plaintiff did not discover the omission of her name until after her husband's death. The husband told plaintiff and others that the deed was taken in plaintiff's name, and he acknowledged plaintiff's title a few months before his death. *Held,* that the deed should be reformed.

Appeal from special term, Westchester county.

Action by Romaettie Dunworth against Samuel Dunworth to reform a deed from Nathaniel H. Clement, as referee in a foreclosure action, to James A. Dunworth, the husband of plaintiff and father of defendant. There was a judgment for defendant, and plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*F. X. Donoghue,* for appellant.    *Hess, Townsend & McClelland,* for respondent.

BARNARD, P. J.    The facts out of which the controversy arises are these: The plaintiff was the wife of James Dunworth. The husband owned a parcel of land individually, and the plaintiff owned two separate parcels in her own right. The husband and wife, by separate deeds, conveyed to Stephen Hasbrouck the pieces on the 1st of May, 1871, and a mortgage was given back to husband and wife, granting all the three pieces for $18,000, to secure the purchase money. This mortgage was foreclosed in the name of husband and wife as plaintiff, and sold on the 7th of December, 1872. The property was bid in by the plaintiff's attorney for the plaintiff, but the deed was given by the referee to the husband alone, without the knowledge or direction or assent of the wife. The plaintiff's attorney in the foreclosure action either did not examine, or he did not observe that the deed was to the husband alone, until a very recent date within a few weeks preceding the trial of the action. The deed was delivered by the referee to the husband, and he kept it some three or four years unrecorded, and then directed his attorney to record it. The plaintiff's husband died in 1888. The plaintiff was sick at the time of the sale under the foreclosure, and did not discover the omission of her name until after her husband's death. The husband informed the plaintiff that the deed was taken in her name. He so told others, and it is found in the case that it was left out by mistake. The evidence will justify a finding of fraud. Justice required that the husband should protect his wife in the same. If a mistake was made, and the husband kept the deed unrecorded until after the sale had ceased to be an object of interest and inquiry, and if he then took the deed, and kept it so that the wife could not and did not see the mistake, and he was keeping her quiet by a statement not based on the truth, it would furnish a case which, whether he designed to defend or not, would legally amount to fraud. The court of appeals, in *Reitz* v. *Reitz,* 80 N. Y. 538, class mistake and fraud together as furnishing a basis for relief within six years of the discovery of the facts. "It was his duty to take the conveyance in the name of his principal, and he cannot profit by his omission to do so, or successfully invoke against her, or those claiming under her, a statute which was

designed to prevent, not to encourage, fraud." Besides, if the deceased husband of plaintiff was a trustee and agent only, and took the title in his own name without his wife's knowledge, he never repudiated the trust which the law put upon him. He is proven to have acknowledged his wife's title a few months before his death. The judgment should therefore be reversed, and a new trial granted; costs to abide event. All concur.