FREDERICK J. SCHNEIDER, Respondent, *v.* LILLIAN F. SWARTELE and Others, Defendants, Impleaded with WILLIAM WEIBLE and Another, Appellants.

Fourth Department, November 15, 1933.

*Frederick A. Mann,* for the appellant William Weible.

*Dwyer, Reilly, Roberts, McLouth & Dicker* [*Carroll M. Roberts* and *Adrian L. Spencer* of counsel], for the appellant George Schnackel.

*John B. Abbott* [*Harlan W. Rippey* of counsel], for the respondent.

THOMPSON, J. This is a partition action in which an answering defendant has interposed a counterclaim, praying for the reformation of a deed given by plaintiff's ancestor to him, upon the ground that it omitted the transfer of the premises which are the subject of the action by mutual mistake.

It appears that on May 24, 1890, the Point Pleasant Company, Limited, a corporation in which Anthony J. Schneider, plaintiff's ancestor (hereinafter called Schneider), and answering defendant Weible (hereinafter called Weible), were stockholders and directors, was the owner of a tract of land bordering on Irondequoit bay in the county of Monroe. For the purpose of subdividing and selling lots from it, the Point Pleasant Company partly staked it off into lots, laid out streets and filed a map of it in the Monroe county clerk's office. On December 13, 1901, the Point Pleasant Company conveyed the property to Schneider and Weible, as tenants in common. The abstract of title of the premises, which was an exhibit in the case, shows that numerous lots were sold, both before and after this conveyance. It is the claim of Weible that on November 21, 1904, Schneider and he agreed upon a division of the lands of the subdivision remaining unsold, by which Schneider was to have all lying north of Bay avenue and the Bortle property, and Weible was to have all lying south of Bay avenue and the Bortle property, and that at that time each gave the other a deed to carry their agreement into effect. The deed to Weible conveyed all of the Point Pleasant tract lying south of the Bortle property and *east* of Pleasant avenue, as shown by the Storey map, excepting certain lots specifically mentioned by number, as shown by the Gray map. It also conveyed certain other lots by number, as shown on the Storey map. The property in suit had not been platted, streets had not been laid out on it, nor had any part of it been sold. It lies south of Bay avenue and the Bortle property but *west* of Pleasant avenue. It is not included under the description in either deed. It is remote from and unconnected with any part of the land conveyed to Schneider, but it is situate immediately adjacent to and is a natural part of certain of the lands conveyed to Weible.

From the delivery of this deed on, it appears that defendant Weible had possession and exercised dominion and control over the premises in suit, exclusively. These conditions continued until March, 1927, when, in connection with a sale of a lot taken from the premises to defendant Schnackel, it developed that the deed here sought to be reformed did not cover them. Effort was at once made by Weible, through his attorney, to obtain a deed of the premises from Schneider, but due to Schneider's illness, the matter was deferred until such time as he should be physically able to attend to it — he failed to improve, and on May 1, 1927, he died, leaving him surviving five sons and two daughters. On June 25, 1927, a son, Frank A. Schneider, and Mary A. Herman, a daughter, executed and delivered a deed of their shares in the premises in suit to Weible. This action was begun on the following July sixth.

The testimony shows that upon numerous occasions Schneider made statements to the effect that he and Weible had agreed to divide and had divided the property; Weible to have all south of the Bortle lot and Bay avenue, and he to take all north thereof; that it was a good thing that Weible owned a gravel pit, which was situated upon the lands in suit, so that he could keep a certain hill road in repair; that he was glad that he did not own any property through there, there having arisen some trouble over a right of way in connection with it; that he at one time had asked permission of Weible to take gravel from the pit, above mentioned, and it had been granted. It further appears that for a long term of years the property was assessed to Weible, and that it had at no time been assessed to Schneider after 1904; that he (Weible) rented a boat house on the property, had used gravel from the pit, had given permission for others to use it, and had cut timber on the property. This testimony all came from disinterested and unimpeached witnesses, including Schneider's son, who, it appears, was his trusted associate and who assisted him in his business matters for many years. Opposed to it, plaintiff offered nothing, but rested his case solely on the deed. The trial court has found in favor of the plaintiff and has awarded a judgment denying defendants' prayer for relief for a reformation of the deed.

Upon a consideration of all the testimony in the case, we reach the conclusion that this was error, and that the facts established by defendant entitle him to the relief he demands. In reaching this conclusion, we are moved by the proximity and unity of the premises in suit to and with a part of the premises described in the deed to Weible, and their complete isolation from premises conveyed to Schneider. The failure to divide them or to expressly award them to one of the partners is inconsistent with the parties'

obvious intention to divide the whole of the property remaining unsold. In such a division the normal and natural thing would have been to allot the lands in dispute to Weible, and the uncontradicted testimony establishes that this was the agreement. Moreover, we have noted that it is not shown that Schneider ever exercised or attempted to exercise any dominion or control over, claimed any right in or title to, or sought to sell or convey, the premises in suit, or any interest therein, or that Weible by any word or act ever acknowledged or admitted any right or title in the premises in Schneider, or any conduct on the part of Weible inconsistent with his claim of exclusive title, ownership and possession of these lands. We have not omitted a consideration of the evidentiary weight to be given the deed under which plaintiff claims title. Taken in connection with the other testimony in the case, including the deed to Schneider, and the failure of both deeds to carry the premises in suit, we think the presumption of law that " it speaks the final agreement of the parties," is overborne. " If the environment and the motive of the parties, the consideration and the necessities to be met, make the contract as it is written a highly improbable one, one for which there was no motive, or necessity, or consideration, then the writing has little self-supporting force, and a relatively small amount of clear and credible evidence will establish the mistake." ( *Upson Nut Co.* v. *American Shipbuilding Co.*, 251 Fed. 707; *Biser* v. *Bauer*, 205 id. 229; 123 C. C. A. 417; 53 C. J. 1025–1027.)

There can be no question of the right of the defendant to the relief he asks in his counterclaim, if he has presented facts sufficient to establish a variance in the deed with the intention of the parties to it. (Restatement, Contracts, §§ 504, 511; *Lewitt & Co., Inc.*, v. *Jewelers' Safety F. Soc.*, 249 N. Y. 217, 223; *Friedman & Co.* v. *Newman*, 255 id. 340.)

A large part of the testimony is in the form of declarations made by Schneider, who is now deceased. This proof is proper and must be weighed and given credit the same as any other testimony.

" The effect they [admissions] have, in reason and sound judgment, upon the mind of the jury, in view of their language, character, the time when and person to whom they were made, the circumstances and conditions attending their making, and the other facts in evidence, is the effect they should have upon the claim of the party. * * * In case they were made understandingly and deliberately, are of pure fact within the knowledge of the declarant, and were made under conditions and circumstances conducive to veracity, and are not overborne by the other facts in evidence, they may, in reason and sound judgment, establish

a cause of action or a defense." (*Gangi* v. *Fradus*, 227 N. Y. 452, 456, 457; *Ward* v. *N. Y. Life Ins. Co.*, 225 id. 314, 322; *Matter of McGillicuddy*, 194 App. Div. 28, 32.)

We find the testimony of the declarations in the case clear and convincing, and consistent with the known facts of the case, and the conditions existing at the time of the transfer and since. We find no inconsistency between any or all of the facts and any or all of the declarations, and we find no considerations suggested in the record in any way contradicting the testimony or adversely reflecting upon the credibility of any of the witnesses. The testimony of the witnesses is not contradicted by direct evidence, nor by any legitimate inferences from the evidence, and it is not opposed to the probabilities, nor in its nature, surprising, or suspicious, and there is no reason for denying to it conclusiveness. (*Hull* v. *Littauer*, 162 N. Y. 569; *Chapin-Owen Co., Inc.*, v. *Yeoman*, 233 App. Div. 492.)

We find analogy and support in the conclusion we have reached, both on the facts and the law, in the following cases: *Beatty* v. *Ireland* (152 App. Div. 588); *Knobloch* v. *Kracke* (151 id. 19); *McClellan* v. *Grant* (83 id. 599); *Lensky* v. *Szynkowski* (213 id. 851); *Dunworth* v. *Dunworth* (59 Hun, 619; opinion reported in 37 N. Y. St. Repr. 905).

The judgment should be reversed, with costs; certain conclusions of law disapproved, and new conclusions made; certain findings of fact reversed, and new findings made, and judgment granted reforming the deed, according to the prayer of defendants' counterclaim, with costs.

All concur. Present — SEARS, P. J., TAYLOR. THOMPSON and CROSBY, JJ.

Interlocutory judgment reversed on the facts, with costs, judgment of reformation directed for defendants on their counterclaim and complaint dismissed, with costs. Certain findings of fact reversed and conclusions of law disapproved and new findings and conclusions made.